## NEWELL v. CAPITAL TRANSIT CO.
### Civil Action No. 36021.

District Court of the United States for the District of Columbia.

Feb. 4, 1948.

Lowry N. Coe, of Washington, D. C., for plaintiff.

Howard Boyd and Frank Roberson, both of Hogan & Hartson, all of Washington, D. C., for defendant.

SCHWEINHAUT, Justice.

The plaintiff was struck by a street car. She was rendered unconscious and taken immediately to the hospital. The defendant, through its claims investigators, promptly obtained statements from witnesses and the plaintiff now asks for an order directing defendant to give her copies of them. Attached to the motion is an affidavit of her attorney in which he says that after he was retained he obtained the names of certain witnesses from the Police Department records and pursuant to in-terrogatories the defendant furnished him with the names and addresses of others. He recites the efforts he has made to find these witnesses and says that he was unsuccessful, except in the case of two who refused to make statements to him. It does not appear, however, that any efforts were made to find the witness, Hutchison.

There is authority for the proposition that the statements could be obtained through interrogatories propounded under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. De Bruce v. Pennsylvania R. R. Co., D.C., 1947, 6 F.R.D. 403, 405. In that case the Court (Kirkpatrick, D. J.) said:

"Although the plaintiff has asked for a paper which, I suppose, answers to the description of a 'document,' the same problem would have been presented had he asked the defendant to disclose the substance of what a witness or witnesses told its claim agent. The nature of the disclosure in question may be illustrated by supposing a case in which the defendant's entire knowledge of what occurred had been derived from a single eyewitness, who had given a written statement, and the interrogatories, in substance, called for a full statement of the facts of the accident as known to the defendant. Any careful, honest lawyer preparing answers to those interrogatories for his client would perforce include in them the substance of what was in the witness' statement, no more and no less and, in fact, he could do no better than give the statement word for word. Nor can there be any doubt that he could be required to give the name of the witness from whom his client obtained its knowledge. Thus it can be seen that what is really asked for is a disclosure of facts and an identification of the source from which they have been obtained; and to deal with the question as though it involved merely a request for the inspection of an original document seems to me a misleading formalism.

"If this is the correct approach, then I can see no answer other than that the disclosure of this information is in accord with the broad and liberal objectives of the discovery provisions of the Rules of Civil Procedure, reaffirmed in no uncertain

734

terms by both the Circuit Court of Appeals [3 Cir., 153 F.2d 212] and the Supreme Court in the Hickman case [329 U.S. 495, 67 S.Ct. 385]."

And in the concurring opinion in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 397, it is said that upon a proper showing of cause such statements could be obtained under Rule 34. Justice Jackson, with whom Justice Frankfurter joined, said:

"The question remains as to signed statements or those written by witnesses. Such statements are not evidence for the defendant. Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477 [87 L.Ed. 645, 144 A.L.R. 719]. Nor should I think they ordinarily could be evidence for the plaintiff. But such a statement might be useful for impeachment of the witness who signed it, if he is called and if he departs from the statement. There might be circumstances, too, where impossibility or difficulty of access to the witness or his refusal to respond to requests for information or other facts would show that the interests of justice require that such statements be made available. Production of such statements are governed by Rule 34 and on 'Showing good cause therefor' the court may order their inspection, copying or photographing. No such application has here been made; the demand is made on the basis of right, not on showing of cause."

It is my opinion that the statements of witnesses to an accident, taken under circumstances as exist in the case at bar and where good cause is shown, should be produced under the procedure outlined in either Rule 33 or 34. The new rules should not be construed and applied in a manner designed to encourage laxity or put a premium on laziness. But, in circumstances such as here presented, where the plaintiff was rendered unconscious and unable to obtain on-the-spot information, which the defendant was equipped and able immediately to gather, the rules should be liberally construed so as to ascertain the truth and make facts available in advance of the trial to either party, upon a showing of due diligence.

I am certain that counsel in this case was diligent in his efforts to find the witnesses and to get the facts from them. I do not believe the plaintiff should be put to the expense of taking their depositions.

An affidavit of Ralph T. Powell is attached to the defendant's opposition to the motion for production of the statements. Mr. Powell says that he is a member of the bar of this court; that he is employed by the Capital Transit Company in charge of its Claim Department and that, in his capacity as such and under his direction and supervision, statements were obtained from witnesses. He says that such statements were obtained for use by him in his "capacity as an attorney at law in charge of the Claim Department of the defendant in order that I might determine the legal rights and liability of my client." He concludes that the statements represent the "work product" of his efforts. Counsel urges upon the authority of the Hickman case, supra, that the production of the statements herein sought can not be compelled. I do not construe the holding of the Hickman case to apply to the Claims Agent or Claims Adjuster, situated such as is Mr. Powell. It seem clear to me that in this case the statements were obtained in the regular course of business of the company and the fact that Mr. Powell is a lawyer should not immunize them when they would not be if Mr. Powell, in his capacity as a Claims Agent, were a layman.

The application for the statements of the witnesses Anderson, Boaz, Oxford and Graham is granted. The application for the statement of the witness Hutchinson is denied.

An appropriate order will be signed.