**HOLBERT v. CHASE.**

Civ. No. 3019.

United States District Court,
E. D. South Carolina, Charleston Division.

Jan. 30, 1952.

Hope & Willcox, Charleston, S. C., for plaintiff.

William Ehrhardt, William Grimball, Jr., Charleston, S. C., for defendant.

WARING, Chief Judge.

■ . This is an action praying payment of damages for personal (and also some property damage) injuries received as a result of an automobile collision. There is diversity of citizenship and the requisite amount in controversy so that this court has jurisdiction of the subject matter and parties.

It appears that subsequent to the plaintiff being injured he received medical examinations and treatment by various doctors. Among others, he consulted with, was examined by, and received treatment from Dr. F. A. Hoshall, a physician of Charleston, South Carolina, who specializes in orthopedics. Defendant's attorneys, operating under the Federal Rules of Procedure, 28 U.S.C.A., have taken the deposition before trial of the plaintiff, T. C. Holbert, Jr., and they are now desirous of examining Dr. Hoshall for the purpose of taking a deposition from him also under the Discovery Provisions of the Rules. Plaintiff's attorneys have appeared and representing both the plaintiff and Dr. Hoshall, have made objections to this procedure on the ground that Dr. Hoshall's examinations and opinions in regard to plaintiff's condition are privileged and that defendants are not entitled to have this information furnished to them by the personal physician of the plaintiff. It is represented to the Court that Dr. Hoshall is unwilling to appear and give this testimony unless required although, of course, it is assumed that he will be available as a witness when the case is called for trial; but he now takes the position not only that the information, he has obtained and has, is privileged as between physician and patient, but that this

is an attempt to require him to give his personal services and opinions to parties who have not employed him and with whom he has no relations.

■ The first question that arises is as to whether information obtained by a physician by examination of a person who is a private patient is or is not privileged. Under the Common Law there seems to have been no protection of privilege as to matters passing between physician and patient but a great many states have enacted statutes providing the same. The industry of counsel and private search by the Court have failed to show any statute in South Carolina covering this situation and only one decision of the Supreme Court of this state sheds any light upon the matter. It appears that under the South Carolina Wokmen's Compensation Law, Section 70-35, Code of South Carolina, 1942 it is provided that facts communicated to or otherwise learned by a physician or surgeon examining an employee shall not be privileged. This would seem to indicate that the legislature of South Carolina considered that such communications had been privileged since it was deemed necessary to declare them here' non-privileged under the terms of the Compensation Act. And the Supreme Court of South Carolina seems to have made the same assumption since it says: "It has long been established law that communications made to one's doctor are privileged, and all honorable physicians have held, and do hold, such communications as a trust which they will not violate. When, then, this Act takes from them this protection, it may with confidence be held that the Act does not protect the person to whom the injured one has made his complaint from testifying to such communication on the ground that it would be hearsay evidence." Next of kin of Cole v. Anderson Mills; 191 S.C. 458, 464, 465, 4 S.E.2d 908, 911.

■ It is argued to me that the foregoing was an obiter dictum and not necessary to the decision of the case. But since it is the expression of the highest court of this State, I must accept it as the law of South Carolina.

Now let us consider Federal procedure. Rule 35 of the Federal Rules of Civil Procedure provides a method by which a party may obtain a mental or physical examination of an adverse party who claims to have been suffering damages as a result of the controversy in question. The rule, among other things, provides that:

"(b) Report of Findings

"(1) If requested by the person examined, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examining physician setting out his findings and conclusions. After such request and delivery the party causing the examination to be made shall be entitled upon request to receive from the party examined a like report of any examination, previously or thereafter made, of the same mental or physical condition."

Apparently, the drafters of this rule considered the medical examinations made on behalf of the party to be examined privileged since they provided for their disclosure *only* if the adverse party took advantage of this rule and obtained an independent examination and the party examined obtained a report of the last. There would, therefore, seem to be sound authority behind the claim of privilege.

■ But in my opinion in deciding the question presented here, the matter of privilege is not the deciding factor. It seems to me that under the Rules governing obtaining information by the various discovery processes, it is not at all incumbent upon the physician engaged by the plaintiffs to furnish a medical report or to testify as to his findings and opinions. Under Rule 35, the defendant may apply to the Court and obtain the right to have physical examination made of the plaintiff and ascertain his condition. If this were a case where Dr. Hoshall had facts that were not available to any other physician (for instance, suppose the plaintiff had died and no physical examination could now be

made) it might well be said that Dr. Hoshall could not suppress facts elicited by his examination. But any competent physician designated and engaged by defendants can furnish defendants with full information and opinions obtained by such examinations as are proper and necessary and can fully apprise defendants as to plaintiff's true physical condition. Dr. Hoshall was employed by the plaintiff. I assume he has been or will be paid by the plaintiff and I see no reason why the results obtained from his examination, his study and medical knowledge should be made available free of charge to defendants. Where the actual facts may be obtained by either party, I do not think the discovery rules require that one party gather up the information and report to the other party the result of these examinations together with technical or other scientific views and opinions. It will be noted that the plaintiff has been fully examined and defendants have asked him as to his condition and reports and statements he has made to the doctors. These would be binding upon him in the trial and the defendants are at liberty to apply to this Court for permission for physical and mental examinations if they so desire. But I do not believe that they have a right to ride free upon the medical views and opinions of a physician engaged, employed and paid by the plaintiff unless some facts not now before me can be adduced or are at variance with this viewpoint.

I believe that the foregoing views are amply sustained by both the opinions in the case of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. For discussions of somewhat similar matters under the discovery process see decision of this Court in Floe v. Plowden, D.C., 10 F.R.D. 504 and also in other jurisdictions especially the cases of McCarthy v. Palmer, D.C., 29 F. Supp. 585 and Lewis v. United Air Lines, D.C., 32 F.Supp. 21. In accordance with the foregoing views, it is

Ordered, that the motion on behalf of the plaintiff be granted and the defendant is denied the right at this time to take a deposition from Dr. F. A. Hoshall.