**Hyman J. GRETSKY, Special Agent, Internal Revenue Service**

v.

**Joseph C. BASSO, Treasurer, Massachusetts College of Osteopathy doing business as Kenmore Hospital.**

No. 55–59.

United States District Court
D. Massachusetts.

Dec. 13, 1955.

Lawrence Urbano, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Stanley S. Ganz, Boston, Mass., for defendant.

ALDRICH, District Judge.

This is a petition under § 7604 of the Internal Revenue Code of 1954, 26 U.S.C. A. § 7604, for an order requiring the respondent, as treasurer of a hospital, to produce certain records of the hospital which petitioner desires to examine under § 7602, 26 U.S.C.A. § 7602. The respondent resists with respect to two records. The first is an "Operation Book," which lists all of the in-patients of the hospital upon whom operations have been performed. Allegedly, this book describes the nature of the operations, and implicitly may indicate the nature of the patients' illnesses. The other record is a so-called "Specimen Book." I will regard these two books as pari materia.

Respondent's first objection is that the contents of these records is confidential and privileged. There is no physician-patient privilege in Massachusetts. See 8 Wigmore, Evidence (3d ed.) § 2380. Even if there were, this is a federal administrative proceeding and state evidentiary restrictions would not apply. Falsone v. United States, 5 Cir., 205 F.2d 734, certiorari denied, 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375. Nor am I referred to any federal administrative limitations of such character.

Section 7605(b), 26 U.S.C.A. § 7605(b), provides that "No taxpayer shall be subjected to unnecessary examination * * *." Very conceivably this extends to the taxpayer's interests in protecting its relationships with third parties. I can well understand that patients of the hospital in some instances might not like to have the nature of their illnesses or operations known. I believe the government is entitled to see the original records, but if there is some feasible and practical method of concealing this particular information the respondent may adopt it. If this is not practicable the respondent will not be ordered to produce the records other than

on the hospital premises, and if concealment of the above information is not practicable there, the petitioner is instructed, in copying information, not to copy that portion of the records. Cf. In re Albert Lindley Lee Memorial Hospital, 2 Cir., 209 F.2d 122, certiorari denied sub nom. Cincotta v. United States, 347 U.S. 960, 74 S.Ct. 709, 98 L.Ed. 1104.

If the directions contained in this opinion are not complied with, petitioner may submit a formal order, on notice.