**UNITED STATES of America**

v.

**Samuel C. BRODY.**

No. 56–29.

United States District Court
D. Massachusetts.

Sept. 19, 1956.

Anthony Julian, U. S. Atty., Andrew A. Caffrey, Asst. U. S. Atty., Boston, Mass., for petitioner.

Arthur Gottlieb, Boston, Mass., for respondent.

ALDRICH, District Judge.

Petitioner, a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7602, summoned the respondent to appear before him to give testimony relevant to his income tax obligations. Respondent thereafter departed for Florida, without notice, or leave. Petitioner alleges, and it is apparently conceded, that immediately before his departure he withdrew some $300,000 in cash from various Boston depositories. Petitioner applied to this court for an order compelling respondent to respond in person to the summons and testify. On the return day respondent appeared through counsel and represented to the court that his health would make his return here impossible for several months. A medical examination conducted on behalf of the petitioner in Florida successfully persuaded me of the unwisdom of requiring his immediate return. In lieu thereof, on January 10, 1956, upon motion of petitioner, I ordered respondent to report to the petitioner his expenditures above a certain amount since his withdrawal of the afore-said funds, and to state the whereabouts of the remaining proceeds and of certain other assets. I simultaneously ordered him to inform petitioner from time to time in the future as to these and certain related matters.

Thereafter, respondent having in no way complied with this order, the United States, as petitioner, instituted the present proceeding for attachment as and for criminal contempt. The respondent answered, and thereafter by his attorney represented to the court that although he had now returned to Massachusetts he was still unable to appear personally either in court, or before a delegate of the Secretary. Again a physical examination conducted on behalf of the petitioner gave support to his position. Evidence presented by the petitioner warranted a finding, however, that he was capable of complying with the order of January 10, and so that there be no misunderstanding I issued a further order. Thereafter respondent moved to dismiss this proceeding on the ground that these orders were without the jurisdiction of the court, and therefore could not be the basis of a criminal contempt.

Respondent must and does rest his case upon a matter of statutory construction. He states his position to be that when a proceeding has been instituted under § 7402(b) or 7604(b) the court is limited to compelling obedience to the original order and cannot promulgate an independent order on its own initiative. This indicates a misconception. The court did not initiate the order, but made it at the request of petitioner through his counsel, the United States Attorney. Nevertheless, there is a residue in respondent's position which requires consideration; namely, when a taxpayer fails to comply with a summons under 26 U.S.C. § 7602 can the district court, either under 26 U.S.C. § 7402, or § 7604, under any circumstances issue any order other than one for precise compliance with that original process, or for punishment as for contempt?

Respondent argues that the court was attempting to exercise an inquisitorial

power, as if it were a grand jury. This overlooks the facts that this is exactly the power that the original petitioner possesses, that he requested the order, and that the information was to be furnished to him, not to the court. Respondent's position amounts to saying either that the particular inquiry here sought was beyond the scope of petitioner's authority, or that the court was powerless to implement it, or, finally, that the court could act only if respondent first was ordered by petitioner to give the specific information now requested, and refused, and petitioner came to the court afterwards as a second step. Only the last suggestion merits attention.

While jurisdiction is a statutory and hence technical subject, nonetheless there must be a practical interpretation. The powers of the delegates of the Secretary even acting independently are extensive. To say that the delegate does not have the power to request an order from a district court, and that the order issued under the seal of the court is nugatory, when such order would have been valid if made by the delegate alone, cf. Sale v. United States, 8 Cir., 228 F.2d 682, certiorari denied 350 U.S. 1006, 76 S.Ct. 650, is an uninviting proposition. The powers given to the district court are expressed in broad terms. Under § 7604(b) "the judge * * * shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons * * *." Can it be doubted that under this clause the court has power to issue an order, following a refusal to obey a summons issued by a delegate, recasting the witness' obligation in less onerous terms? See, e. g., Gretsky v. Basso, D.C. D.Mass., 136 F.Supp. 640. I do not think this power becomes effective only after respondent has been physically brought into the courtroom, as he seems to suggest. In any event other grants of jurisdiction in § 7604(a) and § 7402 are equally broad. The respondent having been duly summoned to appear and testify, and having sought to justify his failure to appear on the ground of physical impossibility, the thought that the court before whom he presented his excuse could not reduce the original obligation to terms with which he could comply does not commend itself in any particular. The whole is composed of the sum of its parts, and respondent cannot be permitted to say that because the court cannot compel him at this time to comply with the whole it cannot do something less.

In the light of the above it becomes unnecessary to consider the effect of the respondent's waiting eight months before raising this objection to petitioner's procedure. Cf. United States v. Bryan, 339 U.S. 323, 70 S.Ct. 724, 94 L.Ed. 884, rehearing denied 339 U.S. 991, 70 S.Ct. 1018, 94 L.Ed. 1391.

The motion to dismiss for lack of jurisdiction is denied.