Richard MARINER, Plaintiff,

v.

GREAT LAKES DREDGE & DOCK COMPANY, Defendant.

Civ. A. No. 37055.

United States District Court
N. D. Ohio, E. D.

Feb. 14, 1962.

A. H. Dudnik, Cleveland, Ohio, for plaintiff.

Robert G. McCreary, Jr., Cleveland, Ohio, for defendant.

GREEN, District Judge.

Plaintiff filed suit to recover for personal injuries sustained on March 25, 1961, while in defendant's employ. His action is based on the Jones Act.

Defendant has filed a motion for production of the following items:

1) All medical records, including X-ray plates, of St. John's Hospital pertaining to plaintiff, covering the dates

  (a)  April 26—May 6, 1935
  (b)  November 22—November 23, 1940
  (c)  January 1—January 11, 1942
  (d)  February 9—February 19, 1946
  (e)  August 23—August 28, 1951
  (f)  March 28, 1961

2) All medical records, including X-ray plates, of Ingleside Hospital, pertinent to plaintiff's stay in 1960.

3) All medical records, including X-ray plates, of Cleveland Clinic, pertinent to plaintiff's injury.

4) All records, etc., pertaining to medical treatment of plaintiff by

  (a)  Dr. Theodore J. Werb
  (b)  Dr. J. H. Fry
  (c)  Dr. Joseph Rossen

5) All personnel records, including medical records, pertinent to plaintiff during his service in the U. S. Marine Corps and U. S. Air Force.

Production is resisted by plaintiff, alleging that the items demanded are privileged and thus not subject to production under F.R.Civ.P. Rule 34, 28 U.S.C.A.:

> "Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody or control * * *."

Counsel have provided the court with a copy of a deposition taken by the defendant of the plaintiff. The factual matter contained in defendant's supporting affidavit is found in the deposition, and reference will be made to the facts generally.

Plaintiff was working on one of defendant's scows on the evening of March 25, 1961. While engaged in the performance of his duties he was struck by a length of chain which had snapped loose from its moorings. The injury alleged, broadly speaking, is to the upper back and spine.

Following the accident, plaintiff consulted his family physician, Dr. Werb. He sent plaintiff to St. John's Hospital for X-rays. These were examined by Dr. Werb who concluded "nothing show-

ed up." Dr. Werb subsequently referred plaintiff to the Cleveland Clinic, where he was attended by Dr. Hartman. The deposition discloses that Dr. Dohn was a consulting physician during the course of treatment at the Clinic. At the Clinic plaintiff underwent nerve blocks and operative procedures on his spine.

Some years before, Dr. Rossen had removed a cyst from plaintiff's chest. He also treated plaintiff for a dislocated shoulder, X-rays of which were made at St. John's Hospital. Plaintiff had also been a patient at St. John's for about two weeks in 1951 with a broken jaw.

Plaintiff was hospitalized for a period in 1960 at Ingleside Hospital for treatment of a nervous condition. His physician at that time was Dr. Fry.

Plaintiff testified that he received a general discharge from the Marine Corps in 1950, after serving thirty days, due to his inability to adjust to military life. He stated that during this time he talked to a couple of doctors, but never had any treatment. He enlisted in the Air Force in 1951 and served until February 1953, when he was given an undesirable discharge.

Before the question of privilege is reached defendant must satisfy the burden of showing good cause and relevancy to this action, with regard to the items requested. It is not enough to say that the plaintiff's physical condition is in issue and the defendant should be entitled to every speck of matter relating thereto. It is the injury to the plaintiff's back we are concerned with here, and evidence regarding other portions of the body is not necessarily relevant.

■ There is no evidence before the court regarding items 1(a) (b) (c) (d). As to these, defendant has, therefore, failed to show relevance and good cause, as required under Rule 34.

From the facts, it may fairly be assumed that item 1(e) was the hospitalization due to plaintiff's broken jaw. The court sees no correlation between that occurrence and anything material to this action.

Regarding Dr. Rossen's records, it is clear that any information concerning removal of the cyst would be irrelevant. I also do not find the matter of the shoulder injury sufficiently relevant, although it does present a closer question.

The military records are not shown to contain any evidence relating to plaintiff's physical or mental condition. The affidavit recites that the records "May contain information relevant" to the issues of this case. There is nothing in plaintiff's testimony regarding his Air Force service and separation to support this contention. The Marine Corps separation for "inability to adjust" and plaintiff's allusion to talking to a couple of doctors, without any treatment, do not afford an adequate basis for a finding that the information in these records is relevant herein. I am of the opinion that a much stronger showing of relevancy should be made in order to require plaintiff to secure from the military authorities these records, which concededly are not presently in his possession.

The question of the Ingleside Hospital records and Dr. Fry are related. Plaintiff alleges that as a result of this accident, he has suffered "shock to his nervous system, which has manifested itself in nervousness, inability to gain normal rest and grief." It is quite clearly relevant to this claim whether plaintiff suffered from a similar nervous disorder in the past.

The records of Cleveland Clinic, St. John's Hospital of March 28, 1961, and Dr. Werb are all the outgrowth of this accident, and are therefore relevant.

It is my opinion that items 1(f), 2, 3, 4(a) and 4(b) all satisfy the requirements of Rule 34. This then brings us to the question whether they are privileged, within the meaning of that Rule.

■ There is no common-law rule of physician-patient privilege, and none has been accorded in the Federal Courts as a general evidentiary principle. Aetna Life Insurance Co. v. Gordy, 248 F.2d 129 (CA 8, 1957); Currie v. Moore McCormack Lines, Inc., 23 F.R.D. 660 (D.C.

Mass.1959); Collins v. Howard, 156 F. Supp. 322 (D.C.S.D.Ga.1957); Gretsky v. Basso, 136 F.Supp. 640 (D.C.Mass. 1955).

█ Plaintiff contends that by virtue of the provision of Ohio Revised Code Sec. 2317.02(A) the documents in question are privileged. The pertinent part of that statute provides:

> "The following persons shall not testify in certain respects: (A) * * * or a physician, concerning a communication made to him by his patient in that relation, or his advice to his patient * * *."

Defendant urges that this physician-patient privilege, founded in state statute, does not apply in the Federal courts.

The Supreme Court in Connecticut Mutual Life Ins. Co. v. Union Trust Co., 112 U.S. 250, 5 S.Ct. 119, 28 L.Ed. 708 (1884), a diversity case, held that the New York physician-patient statute should be followed in the Federal courts. The ruling was based on Sec. 721 of the Revised Statutes, now 28 U.S.C. § 1652, declaring that the laws of the several states shall be regarded as rules of decisions in trials in the Federal courts. That decision was considerably prior to the Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, doctrine and the adoption of the Federal Rules of Civil Procedure, particularly Rule 43(a). However, it has never been expressly repudiated. Thus, while there may be some doubts as to its present applicability, the recognition of the principle of honoring state privilege statutes in the Federal courts should not be disregarded.

The decisions of this court in Scourtes v. Fred W. Albrecht Grocery Company, D.C., 15 F.R.D. 55 (1953), Humphries v. Pennsylvania R. R. Co., D.C., 14 F.R.D. 177 (1953), Brookshire v. Pennsylvania R. R. Co., D.C., 14 F.R.D. 154 (1953) and Panella v. Baltimore & Ohio R. R. Co., 14 F.R.D. 196 (1951) are cited by defendant in support of the theory that state privilege statutes are not controlling in the Federal courts. It was said in Scourtes:

> "It has already been decided in this court, however, that the question of privilege, within the meaning of Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A., as applied to Rule 34, is a matter of procedure to be determined in accordance with federal principles."

This broad statement must be construed in the light of the Brookshire decision wherein the court recognized the rationale of 4 Moore's Federal Practice (2d ed.) Sec. 26.23(9), wherein it is stated:

> "The Federal Courts, therefore, while respecting state statutes on privilege, should be free to give their own interpretation to the concept of privilege."

It thus appears that this court should recognize the basic privilege of state statute, while retaining a free hand with which to define its scope and draw its limitations.

The physician-patient privilege, founded in state statute, has been honored in most jurisdictions, State Mutual Life Assurance Co. v. Wittenberg, 239 F.2d 87 (CA 8, 1957); Galloway v. National Dairy Products, 24 F.R.D. 362 (D.C.E.D. Pa.1959); Schwartz v. Travelers Ins. Co., 17 F.R.D. 330 (D.C.S.D.N.Y.1953); Holbert v. Chase, 12 F.R.D. 171 (D.C. E.D.S.Car.1952); Tweith v. Duluth, M. & I. R. Ry. Co., 66 F.Supp. 427 (D.C. Minn.1946); Feldmann v. Connecticut Mutual Life Ins. Co., 57 F.Supp. 70 (D. C.Mo.1944).

█ The Ohio physician-patient privilege does not extend to hospital records. Perry v. Industrial Comm., 160 Ohio St. 520, 117 N.E.2d 34 (1954); Weis v. Weis, 147 Ohio St. 416, 72 N.E.2d 245, 169 A.L.R. 668 (1947). This is subject to the limitation that:

> "Communications between physician and patient, not in the presence of third persons, for the purpose of diagnosis and treatment of the patient, if carried into a private hospital record or chart, remain confidential, and that such part of the

chart or record is inadmissible in evidence unless the privilege is waived." Weis v. Weis, supra.

Production will therefore be ordered of items 1(f), 2 and 3, in the manner hereafter set forth.

■ This leaves for determination items 4(a) and 4(b). They quite clearly come within the scope of the rule of privilege. Defendant claims that plaintiff waived the privilege by his testimony at the deposition. I fail to find a waiver under the instant facts. Harpman v. Devine, 133 Ohio St. 1, 10 N.E.2d 776, 114 A.L.R. 789 (1937) holds that testimony on cross-examination is not such a voluntary disclosure as to constitute a waiver.

■ However, although medical information may be privileged under the law, this privilege can, and in all probability will, be waived by the plaintiff at the time of the trial. If it is going to be waived at that time, then there is no reason why the defendant should not have this information prior to trial. The Supreme Court has stated:

"The deposition-discovery procedure simply advances the stage at which disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise." Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1946).

It is my opinion that this reasoning should apply here. I cannot perceive how the interests of justice could be served by permitting plaintiff to stand on his privilege now and abandon it at trial. The net result will still be disclosure of the facts. On this point it has recently been held:

"But this does not mean that the plaintiff can take advantage of the physician-patient privilege to prevent defendant from inquiring in pre-trial proceedings as to relevant and material matters necessary to the defense. If such matters were deferred to the trial the almost inevitable result would be an interruption of the trial when the privilege had been waived by the plaintiff so as to permit the defendant to prepare its defense." Awtry v. United States, 27 F.R.D. 399 (D.C.S.D.N.Y. 1961).

Privilege should be generally relied upon, not particularly taken advantage of. cf. Engl v. Aetna Life Ins. Co., 139 F.2d 469 (CA 2, 1943).

Based on the foregoing, I feel it appropriate that production be made at this time of that matter as to which it is contemplated any privilege will be waived at the time of trial.

Defendant's motion denied as to items 1(a) (b) (c) (d) (e), 4(c) and 5. Motion granted as to items 2 and 3. Plaintiff may, in good faith, delete therefrom any privileged matter as to which it is not contemplated the privilege will be waived at trial. Motion granted as to items 4(a) and 4(b), providing that it is contemplated that the privilege attached thereto will be waived at the time of trial.