Paul F. ALLEN and Heloise Mae Allen, Plaintiffs,

v.

DENVER-CHICAGO TRUCKING COMPANY, Inc. and Merrill Marion Rossen, Defendants.

Civ. No. 14151-4.

United States District Court
W. D. Missouri, W. D.

May 21, 1963.

Jones & Kennett, by Carrol C. Kennett, Kansas City, Mo., for plaintiffs.

Caldwell, Blackwell, Sanders & Matheny, by William H. Sanders, Kansas City, Mo., for defendants.

BECKER, District Judge.

In this action for wrongful death of plaintiffs' son, plaintiffs move for production of statements of defendant employee-operator Rossen and defendant's employee Smith, who made statements to defendant's safety department following the casualty in question. Defendant opposes the motion on the claim that good cause is not shown, relying upon Alltmont v. United States (C.A. 3) 177 F.2d 971, requiring a special showing of good cause in such a case. Since Rossen's deposition has been taken and there is no claim that his memory of the events is not adequate, or that his testimony is evasive or unsatisfactory in detail, good cause is not shown on this basis. But plaintiffs' son was killed and was not able to investigate at the time, and his testimony is not available. The factors provide good cause. Newell v. Capital Transit Co., D.C., 7 F.R.D. 732. In addition, Rossen is a party and portions of the statement may contain admissions against interest.

The requirement of a showing of good cause for the production of documents interferes with discovery as a matter of course. It has been eliminated in the Missouri Rules of 1960, Mo.Civ. Rule 58.01, V.A.M.R. The Advisory Committee on Federal Rules of Civil Procedure recommended its elimination from Rule 34 in 1955.[1] The trial courts

1. The Advisory Committee Note of 1955 recommends that inspection of documents be secured without a showing of good cause under Rules 33 and 34. Protection against improper discovery would be afforded by protective order as in the case of depositions on oral examination. 4 Moore, *Federal Practice,* ¶ 34.01 [4]–[5] (Supp.1962, pp. 116–17).

should be as liberal in finding good cause as the facts and decisions will allow.

Production of the statement of the witness Smith will be required. Smith is a resident of Ontario, California, and can be reached only with difficulty and unnecessary expense. Therefore good cause appears. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Helverson v. J. J. Newberry Co. (W.D. Mo.) 16 F.R.D. 330; 4 Moore, Federal Practice ¶ 26.23 [8.–2], pp. 1414–15.

For the reasons given, it is hereby

Ordered that within 15 days defendants produce at the office of their counsel for inspection and copying the statements of the defendant Rossen and the witness Smith contained in the report of Rossen and Smith to defendant's safety department.