**Mary E. GREENE, Plaintiff,**

v.

**SEARS, ROEBUCK & COMPANY,
Defendant.**

**Civ. A. No. C 63–975.**

United States District Court
N. D. Ohio, E. D.

March 29, 1966.

■ To the extent that the records sought may deal with the plaintiff's claim of a herniated intervertebral disc and aggravated arthritis of the lumbosacral joint the records would meet the Rule's requirement of relevancy.

■ To the extent that the records sought may deal with the plaintiff's claim of a herniated intervertebral disc and aggravated arthritis of the lumbosacral joint the records would meet the Rule's requirement of relevancy.

· ■ A showing of good cause, a further requirement of Rule 34, is met since to reach a balanced opinion of the nature and extent of her claimed injury and disability defendant and defendant's examining doctor need to know the plaintiff's physical condition as found by her treating doctors. This essential information would not be supplied by a current physical examination of the plaintiff by defendant's doctor.

■ The plaintiff concentrates her opposition to defendant's motion on the ground that its granting would violate Ohio's physician-patient communication privilege, Ohio Revised Code 2317.02. Cited is Sher v. De Haven, 91 U.S.App. D.C. 257, 199 F.2d 777 which upheld denial of a defendant's motion for production of medical reports of plaintiff's doctors, because of the District of Columbia physician-patient privilege against disclosure.

The defendant however urges this court to accept and apply Mariner, v. Great Lakes Dredge and Dock Co., D.C., 202 F.Supp. 430, in which Judge Green of this court concluded that

> * * * although medical information may be privileged under the law, this privilege can, and in all probability will, be waived by the plaintiff at the time of the trial. If it is going to be waived at that time, then there is no reason why the defendant should not have this information prior to trial.

While recognizing Ohio's physician-patient privilege Judge Green accelerates to the pretrial period the time in which the party must decide whether he will waive his privilege not to disclose his communications with his physician. Approving and following Mariner's course,

---

Daniel P. McDonnell, Kilbane, McDonnell & Sweeney, Cleveland, Ohio, for the plaintiff.

Eben H. Cockley, Jones, Day, Cockley & Reavis, Cleveland, Ohio, for the defendant.

WILLIAM K. THOMAS, District Judge.

Under Rule 34 the defendant moves for an order requiring the plaintiff to produce and to permit inspection and copying of "*ALL* records, including statements and reports" of doctors who have examined and treated the plaintiff at different times.

The matter has been considered upon the pleadings, defendant's motion, written briefs of the parties, and also upon oral statements of counsel made at the pretrial hearing.

production will be ordered at this time of the medical reports, later specified, as to which subject matter, the plaintiff contemplates a waiver of the privilege.

On the developed record before this court it will be deemed that as to the subject matter of this action the plaintiff contemplates a waiver of the physician-patient privilege, unless within five days from receipt of this ruling the plaintiff, in writing, informs the court that such waiver is not intended and will not occur.

As to any medical reports of Dr. E. L. Hendershot from on or about January 1, 1960 to date (limited to any care and treatment of plaintiff's back), of Dr. Russell Rizzo concerning his care and treatment of the plaintiff on and after January 1, 1962, and of Dr. Walter B. Katzenmeyer (spelled Katzenbach in the amendment to the motion) concerning his care and treatment of the plaintiff on and after January 20, 1962, which reports the plaintiff or her counsel now possesses or before trial will secure, the plaintiff, through her counsel, is ordered to disclose said reports for inspection and copying.

■ At the pretrial hearing defendant's counsel was understood to request production also of the relevant office records of each doctor. It must be borne in mind that Rule 34 extends only to documents which an adverse party has "in his possession, custody, or control." From the record it does not appear, and it seems quite unlikely, that any of the subject office records are now in the possession or custody of the plaintiff or her counsel. Nor could it be said that these office records are under their control. Hence the motion will be denied to the extent that defendant's counsel attempts to apply his request to office medical records.

Should the order of waiver of the physician-patient privilege become effective (through the plaintiff's declination to give the notice previously described)

a different question would then arise. Within the circumscribed relevance the deposition of each named doctor could be taken by the defendant. In such a deposition production and use of office medical records, then no longer privileged, would thereupon depend upon pertinent rules of evidence.