Jessie **HILL**

v.

Roy Lee **HUDDLESTON, Jr.**, and Georgia Hankins Hill.

Misc. No. 513.

United States District Court
D. Maryland.

Jan. 19, 1967.

Harry E. Silverwood, Jr., Baltimore, Md., for plaintiff.

Charles S. Keyes, Baltimore, Md., for defendant Huddleston.

George D. Solter, Baltimore, Md., for defendant Hill.

THOMSEN, Chief Judge.

Defendants in an action pending in the Eastern District of Tennessee have moved under Rule 37(a), F.R.Civ.P., that this Court compel a deponent to answer questions propounded on cross-examination during a deposition upon oral examination taken in Maryland. Deponent, a psychiatrist, refused to answer the questions in view of Ch. 503 of the Acts of Maryland of 1966, codified as Art. 35, sec. 13A, of the Code. The relevant portions of that Act read as follows:

> "§ 13A. Privileged communications between patient and psychologist, psychiatrist or other patients.
>
> " * * * *
>
> "(b) Except as hereinafter provided, in civil and criminal cases, in proceedings preliminary thereto, * * * a patient, or his authorized representative, has a privilege to refuse to disclose, and to prevent a witness from disclosing, communication, wherever made, relating to diagnosis or treatment of the patient's mental or emotional disorder, * * *. This privilege applies to communications between patient and psychiatrist, between patient and certified psychologist, between a patient and other patients receiving diagnostic or treatment services in a formal group program conducted by the psychiatrist or certified psychologist, or between members of the patient's family and the psychiatrist or certified psychologist, in the accomplishment of the objectives of diagnosis or treatment. * * *
>
> "(c) There shall be no privilege for any relevant communications under this section, * * * (3) in all proceedings, whether civil or criminal, in which the patient introduces his mental condition as an element of his claim or defense, or, after the patient's death, when such condition is introduced by any party claiming or defending through or as a beneficiary of the patient; * * * or (6) with the expressed consent of the patient, * * * *."

Plaintiff, the patient, filed suit in the Eastern District of Tennessee to recover for injuries sustained in an automobile accident in August 1964. She alleges, inter alia, that her health has been permanently damaged by the physical and nervous shock, that she has been undergoing regular treatment for conditions caused by the accident, and that her capacity to work and enjoy life has been permanently destroyed.[1]

By stipulation filed in that case, counsel for plaintiff took the deposition of Dr. Aris Michael Simopoulos, a psychiatrist in Baltimore, where he had treated plaintiff and where she resides. On direct examination by plaintiff's attorney, the doctor testified that plaintiff, who is 55 years old, had suffered from headaches and other troubles for many years before the accident; that he saw her for the first time after the accident and treated her for headaches and depression, which might be related to each other in various ways; that there is a reasonable probability that the injuries sustained in the accident were a factor aggravating the headaches, possibly causing depression also. On cross-examination by the attorney for one of the defendants, he testified that "other factors related to life events and personality

---

1. In a companion suit, her husband seeks recovery, inter alia, for the cost of her medical treatment, past and future.

make-up" could have contributed to the depression and could have aggravated the headaches. When asked by defendant's attorney what those factors were, the doctor refused to answer unless he could be assured that he would not thereby violate Art. 35, sec. 13A.

Counsel for the respective parties have cooperated in presenting to this Court an adequate record so that this Court can decide under Rule 37(a), F.R.Civ.P., whether the doctor should be required to answer such questions as the one cited above and to produce any and all written matter in his possession which relates in any way to the medical history and the mental, physical or emotional condition of the plaintiff.

■■ A federal court in a diversity case should apply the law of privileged communications which would be applied by the courts of the state in which it sits. It is not yet settled whether or not that conclusion is required by Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). See Palmer v. Fisher, 7 Cir., 228 F.2d 603 (1955), cert. den. 351 U.S. 965, 76 S.Ct. 1030, 100 L.Ed. 1485 (1956); Application of Cepeda, S.D.N.Y., 233 F.Supp. 465 (1964); Ex parte Sparrow, N.D.Ala., 14 F.R.D. 351 (1953). In any event, the principle should be applied in such a case as this, where the deposition is being taken in a different state from the one in which the action is pending. In the absence of a controlling Maryland decision, this Court believes that the proper conflicts rule and the rule which would be adopted by a Maryland court is that the court of the deposition state should apply the law of the state which has the most significant relationship with the communication; in this case that state is Maryland. See § 599(b) of the Restatement of the Law Second, Conflict of Laws, Tentative Draft No. 11, April 23, 1965, and the Comment, Reporter's Note, and cases cited in the Note.[2]

■ The Maryland law is Art. 35, sec. 13A, of the Maryland Code. Paragraph (c) thereof provides in effect that the privilege created by that section is waived in all proceedings in which the patient introduces his mental condition as an element of his claim or defense. In this case the allegations of the complaint and the testimony plaintiff has elicited from her psychiatrist on direct examination with respect to the possible effect of the accident on her physical, mental and emotional condition, including her headaches and depression, have introduced her mental condition as an element of her claim, and she has waived her right to claim any privilege under Art. 35, sec. 13A, with respect to any communications relevant to her physical, mental or emotional condition before as well as after the accident.

This Court therefore orders Dr. Simopoulos to answer all questions propounded to him dealing with his examination and treatment of the plaintiff, including any communications by her or others relevant to her physical, mental or emotional condition before or after the accident, and to produce any and all written matter in his possession which relates in any relevant way to her medical history and her mental, physical or emotional condition before as well as after the accident. Her attorney may note objections to the admissibility of the evidence, which will be ruled on by the Court in which the case is tried.

2. In deciding conflict of laws questions the Maryland courts have relied on the Restatement. See e. g. White v. King, 244 Md. 348, 223 A.2d 763 (1966); Doughty v. Prettyman, 219 Md. 83, 148 A. 2d 438 (1959); Dukes v. Eastern Tar Products Corp., 197 Md. 564, 80 A.2d 39 (1951).