**Le Roy BURLAGE, Plaintiff,**

v.

**Sydney HAUDENSHIELD, Defendant.**

**Civ. No. 66-C-1011-ED.**

United States District Court
N. D. Iowa, E. D.
July 25, 1967.

Robert M. Bertsch, O'Connor, Thomas, Wright, Hammer & Bertsch, Dubuque, Iowa, James W. Richardson, Nack & Nack, Galena, Ill., for plaintiff.

Richard P. Roedell, Kenline, Reynolds, Roedell & Breitbach, Dubuque, Iowa, for defendant.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on plaintiff's Motion to Strike Notice to Take Deposition, filed July 19, 1967.

This is an automobile accident case in which defendant has admitted liability and property damage. Thus, the sole question remaining is the extent of plaintiff's personal injuries. Plaintiff has consulted two medical doctors and a chiropractor regarding said injuries, and defendant wishes to depose these three persons. Plaintiff states as grounds for his motion that the results of the three examinations are privileged, and that de-

fendant has available other methods of determining plaintiff's physical condition under Rule 35, F.R.Civ.P.

 It is the court's view that defendant should be allowed to take the questioned depositions. The written reports of the two medical doctors have already been furnished to defendant, and plaintiff's counsel orally disclosed to defendant the findings of the chiropractor at the final pre-trial conference. Thus, it is probable that the privilege has been waived. Even if such disclosure does not constitute waiver, however, it is clear that plaintiff will have to waive the privilege at trial if he is to prove his damages. Since the information must eventually be disclosed in any event, the court sees no reason for delaying the disclosure until trial. The rules of discovery contemplate the fullest possible early disclosure of the facts to aid in trial preparation. Discovery of privileged matter should be allowed when waiver of the privilege at trial seems reasonably probable. See Greene v. Sears Roebuck & Co., 40 F.R.D. 14 (E.D.Ohio 1966); Mariner v. Great Lakes Dredge & Dock Co., 202 F.Supp. 430, 434 (E.D.Ohio 1962); Awtrey v. United States, 27 F.R.D. 399 (S.D.N.Y.1961). See also 2A Barron & Holtzoff § 651; 2B Barron & Holtzoff § 967.

 Aside from the ordinary questions of privilege and waiver, it is the court's opinion that the nature of the case at hand dictates that full disclosure of plaintiff's physical condition be made to defendant. The court's view is perhaps best expressed by the following language of Professor Moore:

We believe that where a plaintiff in a personal injury action has put his physical condition directly in issue, he may not thereafter cloak communications to doctors or nurses, which were occasioned by the injury complained of, with the claim of privilege. This would not mean that the plaintiff could not assert privilege, if available, as to communications not germane to his claim. 4 Moore's Federal Practice 26.22[5], at 1297.

 As for the second ground asserted by plaintiff, the court sees no reason why defendant should be required to make an independent physical examination of plaintiff under Rule 35 in lieu of deposing plaintiff's doctors. The court notes that, at the final pre-trial conference, defendant's counsel disclaimed any intention to present independent medical evidence at trial, and stated that they intended to rely on their cross-examination of plaintiff's witnesses.

It is therefore ordered plaintiff's Motion to Strike Notice to Take Deposition, filed July 19, 1967, is overruled.