**Delfa PARRETT and Clifford Parrett, Plaintiffs,**

v.

**FORD MOTOR COMPANY, Defendant.**

**Civ. A. No. 16957-3.**

United States District Court
W. D. Missouri, W. D.

Sept. 11, 1968.

Duke W. Ponick, Jr., Morris, Foust, Moudy & Jacobson, Max W. Foust, Kansas City, Mo., for plaintiffs.

Donald B. Roberson, Shughart, Thomson & Kilroy, John M. Kilroy, Kansas City, Mo., for defendant.

ORDER DENYING MOTION OF PLAINTIFFS AND ALLSTATE INSURANCE COMPANY, JOINT MOVANTS, FOR PROTECTIVE ORDER UNDER RULE 30(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

BECKER, Chief Judge.

This is a diversity case involving a products liability action against Ford Motor Company who allegedly sold an automobile to the plaintiffs in an unsafe and defective condition. The casualty, a two-car collision, occurred on January 19, 1967, resulting in extensive damage to the plaintiffs' automobile and in personal injuries to the plaintiff Delfa Parrett. Defendant has filed a notice to take the deposition of Robert Snider, custodian of the investigation files of the Allstate Insurance Company. Plaintiffs and Allstate Insurance Company, the subrogated collision insurer who is interested in this third party diversity action, have moved for a protective order to prevent the production of any documents contained in its investigation file of this casualty out of which this action arose.

In January and February 1967, Allstate Insurance Company, through its adjusters, investigated the collision and secured written statements of each of the plaintiffs. In February, the written statement of an eyewitness, Garrison, was secured. In March, the written statement of an eyewitness, Oden, was

secured. On January 30, 1967, and on February 2, 1967, Allstate caused to be taken 20 detailed photographs of the automobile involved, its damaged parts, and the scene of the casualty, which are mounted on sheets with written statements of one Snider, an adjuster, of what he personally observed, and describing the view depicted in the photographs. At the same time, a detailed mechanic's estimate of damaged parts and cost of repair was secured. Some of the photographs show skidmarks on the highway and on the adjacent shoulders then appearing at the scene. It is obvious from an examination of the photographs and statements and the admission that the automobile has been sold for salvage (except for the steering parts) that these photographs, estimates, and statements secured shortly after the casualty cannot be reproduced or secured by investigation at this time.

■ Ford Motor Company had no opportunity to secure statements, examine and photograph the automobile, and to secure estimates of damaged parts. Good cause in such circumstances for production by a party exists. Allen v. Denver-Chicago Trucking Co., (W.D.Mo., 1963) 32 F.R.D. 616; Newell v. Capitol Transit Co., (D.C., 1948) 7 F.R.D. 732; 4 Moore's Federal Practice ¶34.08; Developments In The Law—Discovery 74 Harv.L.Rev. 940, l.c. 1033–1037. Allstate, as the subrogated collision insurer, is virtually a party to this action. Therefore, good cause for production by a party exists which would warrant discovery of these items against a party or a stranger to the action.

Plaintiffs and Allstate contend that the federal court has an obligation to give full effect to the state rule enunciated in State ex rel. Terminal R. R. Ass'n. v. Flynn, (en banc, 1953) 363 Mo. 1065, 257 S.W.2d 69, because of the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, the Rules of Decision Act, Section 1652, Title 28, U.S.C. (particularly as inter-

preted in the case of Connecticut Mutual Life Ins. Co. v. Union Trust Co., 112 U.S. 250, 5 S.Ct. 119, 28 L.Ed. 708), and Rule 43(a) of the F.R.Civ.P. Reliance is placed on the following cases: Falmer v. Fisher (C.A.7, 1955) 228 F.2d 603; Massachusetts Mutual Life Ins. Co. v. Brei, (C.A.2, 1962) 311 F.2d 463, 100 A.L.R.2d 634; Holbert v. Chase, (D.S.C., 1952) 12 F.R.D. 171; Miller v. Pacific Mut. Life Ins. Co., (W.D.Mich., 1953) 116 F.Supp. 365; Berdon v. McDuff, (E.D.Mich., 1953) 15 F.R.D. 29; Merlin v. Aetna Life Ins. Co., (S.D.N.Y., 1960) 180 F.Supp. 90; Application of Cepeda, (S.D.N.Y., 1964) 233 F. Supp. 465.

■ Considering Allstate as a stranger to the action, immunity from discovery is claimed on the ground that the photographs and statements are privileged under Missouri jurisprudence. State ex rel. Terminal R. R. Ass'n. v. Flynn, (en banc, 1953) 363 Mo. 1065, 257 S.W.2d 69, l.c. 73, and Missouri Civil Rule 57.01(b), V.A.M.R. This contention equates the Missouri work product doctrine with a true privilege. An examination of the *Flynn* opinion shows that the basis of the "privilege" was work product. The Missouri doctrine expressed in the *Flynn* case is unduly restrictive and is of doubtful soundness. It is not as limited as the federal work product doctrine expressed in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. It would seriously impair the federal judicial functions to apply in federal civil cases the *Flynn* rule in pretrial discovery.

Frequently the federal courts advance the timing of disclosure of matters privileged under state law admissible at trial. Cf. Mariner v. Great Lakes Dredge & Dock Co., (N.D.Ohio, 1962) 202 F. Supp. 430. That is really all that is necessary to do here. Most if not all of the items sought to be discovered contain evidence admissible at trial. Such evidence is discoverable in pretrial proceedings.

There is generally conflicting authority on the respect which should be given state privileges. The question here is narrower. Disclosure of the following material will be required:

(1) Statements of the plaintiffs, including recorded, signed and unsigned statements, and memoranda of telephone messages, if any.

(2) Statements of the two occurrence eyewitnesses.

(3) Photographs of the scene and the vehicle.

(4) Statement of items of damage and estimate of repair costs by Ray Smith Ford.

(5) The adjusters' analysis and evaluation of the vehicle for salvage recovery, if any.

(6) Adjusters' report of inspection of damaged vehicle and scene, if any.

Among other authorities supporting this decision are: Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Wright, Federal Courts, 315, 316; Note, Discoverability of Work Product in Diversity Actions, 1 Valparaiso U.L.Rev. 410; Friedenthal, Discovery and Use of an Adverse Party's Expert Information, 14 Stanford Law Review 455–458; *supra*, 74 Harv.L.Rev. 940, l.c. 1033–1038.

If the Missouri doctrine of the *Flynn* case is a true privilege, the result need not be different. 4 Moore's Federal Practice ¶26.23[9]; Mariner v. Great Lakes Dredge & Dock Co., (N.D.Ohio, 1962) 202 F.Supp. 430.

Stripped of all verbiage and words of art, this is an attempt under a restrictive Missouri work product doctrine to prevent pretrial discovery of the crucial information in the case which cannot be secured otherwise. The so-called "privilege" claimed is a claim of immunity for on the spot photographs, eyewitness statements, and reports of damage which are not privileged, are mostly admissible in evidence, and are calculated to lead to the discovery of admissible evidence. Here the federal rules and federal policy must and will be applied. F. R.Civ.P. 26. See, Sibbach v. Wilson, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479; Byrd v. Blue Ridge Rural Elec. Coop., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953; *supra*, 74 Harv.L.Rev. 940, l.c. 1045–1049.

For the foregoing reasons, it is

Ordered that the joint motion for a protective order be, and it is hereby, denied and provided that this order shall not be effective until five days after the date of entry.