LUKEE ENTERPRISES, INC., and Charles M. Preston, Plaintiffs,

v.

NEW YORK LIFE INSURANCE COMPANY, Pacific Standard Life Insurance Company and Oregon National Life Insurance Co., Defendants.

No. 8668 Civ.

United States District Court,
D. New Mexico.

March 12, 1971.

Walter K. Martinez, Grants, N. M., and Charles B. Larrabee (who argued

the motion), of Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M., for Lukee Enterprises, Inc., and Charles M. Preston, plaintiffs.

Chavez & Cowper, Belen, N. M., and Allen C. Dewey, Jr. (who argued the motion), of Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, N. M., for New York Life Ins. Co., Pacific Standard Life Ins. Co. and Oregon Nat. Life Ins. Co., defendants.

## MEMORANDUM OPINION

BRATTON, District Judge.

Plaintiffs bring this action against three defendant insurance companies to collect on certain insurance policies. Federal jurisdiction is based solely on grounds of diversity of citizenship.

Presently at issue is plaintiffs' Motion for an order striking notice of deposition of William B. Bonds, C.P.A.; for an order quashing the subpoena served upon him which would compel his attendance at deposition proceedings; and for a protective order prohibiting further attempts to obtain his deposition.

Plaintiffs seek this order because Bonds is a certified public accountant and it is claimed that any knowledge or information which he has relating to Charles M. Preston or Lukee Enterprises, Inc., was supplied to him by privileged communications from them. It is contended these communications are privileged by operation of N.M.S.A. § 20-1-12 [1] and N.M.S.A. § 67-23-26 [2], New Mexico's accountant-client privilege statutes.

Plaintiffs contend that Bonds will not be called as a witness, and that their claim does not put the "financial aspects and dealing of plaintiffs" into issue. Defendants, however, claim full discovery is necessary to their defense. They also maintain the Plaintiffs have waived any privilege they may have by bringing the action.

The specific question presented is whether a federal court, in a diversity case, should accord an accountant-client privilege granted by state statute.

Federal courts in such matters of privilege in diversity cases generally follow state statutes and decisional law. Although some courts and the proposed Rules of Evidence for the United States District Courts and Magistrates disregard state law in diversity cases [3], the weight of authority favors application of state law in such cases [4]. In so applying state privilege statutes some courts have based their decision on the premise that under the Erie doctrine a privilege confers a substantive right which is beyond regulation by the Federal Rules of Civil Procedure [5]. Many

---

1. N.M.Stat.Ann. § 20-1-12(e) (1953). In the courts of the state of New Mexico, no certified public accountant or public accountant shall be permitted to disclose information obtained in the conduct of any examination, audit or other investigation made in a professional capacity, or which may have been disclosed to said accountant by a client, without the consent in writing of such client or his, her or its successors or legal representatives.

2. N.M.Stat.Ann. § 67-23-26 (1953). A certified or registered public accountant shall not be required by any court to divulge information or evidence which has been obtained by him in his confidential capacity as such, Provided, however, that the provisions of this section shall not apply to auditing under the supervision of the state comptroller.

3. Scourtes v. Fred W. Albrecht Grocery Co., 15 F.R.D. 55 (N.D.Ohio 1953); Brookshire v. Pennsylvania Railroad Co., 14 F.R.D. 154 (N.D.Ohio 1953); Humphries v. Pennsylvania Railroad Co., 14 F.R.D. 177 (N.D.Ohio 1953); Panella v. Baltimore & Ohio R. Co., 14 F.R.D. 196 (N.D.Ohio 1951).

4. See footnotes 5 and 6.

5. R. & J. Dick Co. v. Bass, 295 F.Supp. 758 (N.D.Ga.1968); Republic Gear Company v. Borg-Warner Corporation, 381 F.2d 551 (2d Cir. 1967); Massachusetts Mutual Life Insurance Company v. Brei, 311 F.2d 463 (2d Cir. 1962); Palmer

**23**

other courts, while giving effect to the state-created privileges, both in terms of admission of evidence under Rule 43(a) and in terms of discovery under Rule 26(b), have not placed the result on the compulsion of Erie.[6] They have relied either upon the reference to state law in Rule 43(a) and the practice in the federal courts prior to the adoption of the federal rules, or on the principle of accommodating the policy of the state.

■ It is not necessary to select among the various grounds cited for application of state statutory privileges in a diversity case to conclude that the privilege claimed by plaintiffs in this case should be recognized and accorded.

The doctrine of waiver and numerous cited cases [7] supporting this doctrine advanced by defendants is not at the present time applicable in this action. In those cases, the plaintiffs were seeking to protect from discovery by claim of privilege evidence which they intended to use or which was needed to support their case. A different situation is present here. The plaintiffs have not by the mere filing of this action waived the privilege. The matters as to which defense seeks to inquire of the accountant are not in areas necessary to maintain plaintiffs' claim, but relate solely to matters which defendants have put in issue and as to which they have the burden of proof.

No ruling is indicated or required at this time on whether the plaintiffs may have waived their privilege by virtue of testimony to date.

Plaintiffs' Motion for an order striking notice of deposition of William B. Bonds and for an order quashing the subpoena served on Bonds will be granted.

---

v. Fisher, 228 F.2d 603 (7th Cir. 1955), cert. denied, sub nom. 351 U.S. 965, 76 S.Ct. 1030, 100 L.Ed. 1485.

6. Hill v. Huddleston, 263 F.Supp. 108 (D. Md.1967) ; Boyd v. Wrisley, 228 F.Supp. 9 (W.D.Mich.1964) ; Cimijotti v. Paulsen, 219 F.Supp. 621 (N.D.Iowa 1963) ; United States v. Becton Dickinson & Co., 212 F.Supp. 92 (D.N.J.1962) ; Merlin v. Aetna Life Ins. Co., 180 F.Supp. 90 (S.D. N.Y.1960) ; Baum v. Pennsylvania R. R. Co., 14 F.R.D. 398 (E.D.N.Y.1953) ; Berdon v. McDuff, 15 F.R.D. 29 (E.D. Mich.1953) ; Ex parte Sparrow, 14 F.R. D. 351 (N.D.Ala.1953).

7. Mariner v. Great Lakes Dredge & Dock Company, 202 F.Supp. 430 (N.D.Ohio 1962) ; Burlage v. Haudenshield, 42 F.R. D. 397 (N.D.Iowa 1967) ; Greene v. Sears, Roebuck & Company, 40 F.R.D. 14 (N.D.Ohio 1966) ; Awtry v. United States, 27 F.R.D. 399 (S.D.N.Y.1961) ; Bower v. Murphy, 247 Ark. 238, 444 S.W. 2d 883 (1969) ; State ex rel. New Mexico State Highway Comm. v. Taira, 78 N.M. 276, 430 P.2d 773, 777 (1967) ; Lambdin v. Leopard, 20 Ohio Misc. 189, 251 N.E.2d 165 (1968).