**UNITED STATES of America et al., Petitioners,**

v.

**Robert M. SCHNEIDER, etc., Respondent.**

**No. S 80–393.**

United States District Court, N. D. Indiana, South Bend Division.

May 11, 1981.

David T. Ready, U. S. Atty., South Bend, Ind., for petitioners.

Charles R. Deets III, Lafayette, Ind., for respondent.

---

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This is an action to enforce an Internal Revenue Service summons. The respondent, as trustee of a family trust, argues that the request should be denied for two reasons: (1) The records were subject to a physician-patient privilege, and (2) The summons is "unreasonable" under 26 U.S.C. § 7605. The respondent is a chiropractor. He has set up a family trust and made all the records of the chiropractory practice records of the trust. The Internal Revenue Service seeks all of the records of the family trust's financial transactions, including minutes of trustees' meetings and all patient information accounting records, for the years 1977 through 1979.

There is no physician-patient privilege available against the enforcement of Internal Revenue Service summonses. *United States v. Providence Hospital*, 507 F.Supp. 519 (E.D.Mich.1981).

26 U.S.C. § 7605(b) provides, "No taxpayer shall be subjected to unnecessary examination or investigations . . . ." Necessity, as contemplated by this provision, is not to be equated "with probable cause or any like notion." *United States v. Powell*, 379 U.S. 48, 53, 85 S.Ct. 248, 252, 13 L.Ed.2d 112 (1964). The Internal Revenue Service need only show

> that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed
> . . . .

*United States v. Powell*, 379 U.S. at 57–58, 85 S.Ct. at 254–255. "[A]scertaining the correctness of any return" is a legitimate purpose. *United States v. Roundtree*, 420 F.2d 845, 851 (5th Cir. 1969), 26 U.S.C. § 7602. The burden of showing that the summons should not be enforced is on the taxpayer. *United States v. Powell, supra, United States v. Roundtree, supra.* There is a strong presumption that the Internal Revenue Service acts in accordance with § 7605(b). *United States v. Florida*, 252 F.Supp. 806 (E.D.Ark.1965). The financial records sought in this case, including minutes of trustees' meetings and all patient information accounting records, are patently relevant to the legitimate purpose of ascertaining the correctness of the trust's income tax returns.

On the other hand, this Court is vested with a "considerable degree of discretion" "to work out the appropriate limitations on which records are subject to investigation . . . ." *In Re Magnus, Mabee & Reynard, Inc.*, 311 F.2d 12, 17 (2d Cir. 1962). In *Gretsky v. Basso*, 136 F.Supp. 640 (D.Mass.1955), Judge Aldrich decided a case virtually on all fours with this one. He held:

Section 7605(b), 26 U.S.C.A. § 7605(b), provides that "No taxpayer shall be subjected to unnecessary examination * *." Very conceivably this extends to the taxpayer's interests in protecting its relationships with third parties. I can well understand that patients of the hospital in some instances might not like to have the nature of their illnesses or operations known. I believe the government is entitled to see the original records, but if there is some feasible and practical method of concealing this particular information the respondent may adopt it. If this is not practicable the respondent will not be ordered to produce the records other than on the hospital premises, and if concealment of the above information is not practicable there, the petitioner is instructed, in copying information, not to copy that portion of the records.

This Court now adopts the reasoning of *Gretsky v. Basso.* Accordingly, it is hereby ORDERED that:

 The Respondents, Robert M. Schneider, Trustee, and Robert M. Schneider Family Trust, shall, on or before June 8, 1981, produce for examination by Petitioner Robin Zeldin, all documents and records in the possession or control of Respondents for the years 1977, 1978, and 1979, reflecting the financial transactions of the Robert M. Schneider Family Trust, including, but not limited to, (1) the minutes of trustees' meetings held during the years 1977, 1978, and 1979; and (2) all patient information accounting records indicating services rendered and amounts charged and amounts paid for the years 1977, 1978, and 1979, provided that, if there is some feasible and practicable method of concealing the names of patients, the respondents may adopt it, and if this is not practicable, the respondents will not be ordered to produce the records other than on the respondents' premises, and if concealment of the names is not practicable there, the petitioner is instructed, in copying information, not to copy the names of patients. Otherwise, the petitioner is entitled to see the original records.