THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARTIN MOONEY, Appellant, against THE SHERIFF OF NEW YORK COUNTY, Respondent.

(Submitted November 20, 1935; decided January 7, 1936.)

*James D. C. Murray* and *Daniel Kirchman* for appellant. On grounds of public welfare, communications between newspaper reporters and informers should be privileged. (*Hurlburt* v. *Hurlburt*, 128 N. Y. 420; *Matter of King* v. *Ashley*, 179 N. Y. 281; *Whiting* v. *Barney*, 30 N. Y. 330; *Davis* v. *Dinwoody*, 4 Durn. & E. 678; *Stillman* v. *Stillman*, 115 Misc. Rep. 106; *Edington* v. *Mutual Life Ins. Co.*, 67 N. Y. 185; *Morison* v. *Moat*, 21 L. J. [N. S.] Ch. 248; *Eastman Kodak Co.* v. *Reichenbach*, 29 N. Y. Supp. 1143; *National Gum & Mica Co.* v. *Braendley*, 51 N. Y. Supp. 93; *Vulcan Detinning Co.* v. *Assmann*, 173 N. Y. Supp. 334; *Matter of Cohen*, 174 N. Y. Supp. 427; *McLellan* v. *Richardson*, 1 Shep. [Me.] 82; *Howard* v. *Thompson*, 21 Wend. 319; *Gray* v. *Pentland*, 2 Serg. & R. 23; *Thompson* v. *German Valley R. Co.*, 22 N. J. Eq. 111; *Totten* v. *United States*, 92 U. S. 105; *Hennessy* v. *Wright*, 21 Q. B. Div. 509; *State* v. *Wilcox*, 90 Kan. 80; *Vogel* v. *Gruaz*, 110 U. S. 311; *Worthington* v. *Scribner*, 109 Mass. 487; *Oliver* v. *Pate*, 43 Ind. 132; *Gabriel* v. *McMullin*, 127 Iowa, 426; *State* v. *Soper*, 16 Me. 293.)

*William Copeland Dodge*, District Attorney (*Felix C. Benvenga* and *A. A. DeVito* of counsel), for respondent. Communications to reporters are not privileged. (*Rogers* v. *State*, 88 Miss. 38; *Matter of Lawrence*, 116 Cal. 298; *People* v. *Durrant*, 116 Cal. 179; *Joslyn* v. *People*, 67 Col. 297; *Plunkett* v. *Hamilton*, 136 Ga. 72; *Matter of Grunow*, 84 N. J. L. 235; *Matter of Wayne*, 4 Hawaii Fed. Rep. 475; *People ex rel. Phelps* v. *Fancher*, 4 T. & C. 467; *Pledger* v. *State*, 77 Ga. 242; *Matter of Holliway*, 272 Mo. 108; *Howe* v. *Regenburg*, 75 Misc. Rep. 132; *People ex rel. Vogelstein* v. *Warden*, 150 Misc. Rep. 714; 242 App. Div. 611; *People* v. *Roach*, 215 N. Y. 592; *People ex rel. Sabold* v. *Webb*, 5 N. Y. Supp. 855; *People* v. *Tompkins*, 186 N. Y. 413; *Sternlieb* v. *Normandie Nat. Sec. Corp.*, 263 N. Y. 245.)

HUBBS, J.   The appellant, a reporter on the New York
*American*, was called as a witness before the grand jury
of the county of New York, which was investigating
alleged violations of the provisions of the Penal Law
relating to gambling and lottery.   He refused to answer
certain questions on the ground that the source of his
information, obtained as a newspaper reporter, was con-
fidential and privileged.   Appellant had written articles
upon that subject for his paper in which he had stated
that in spite of the investigations being conducted by the
grand jury " the policy racket " was still going on.   He
admitted before the grand jury that he wrote the articles
stating that they were based on " contacts " made by
him.   He was asked to give the name and address of the
persons and places mentioned in the articles.   He refused
to do so and was adjudged guilty of contempt of court in
General Sessions and committed.   He procured a writ of
habeas corpus which was dismissed and the order dis-
missing it was affirmed by the Appellate Division, first
department.

The only question presented on this appeal is whether
a newspaper reporter may lawfully refuse to answer
pertinent questions relating to communications made to
him as a reporter on the ground that such communications
are privileged.

There is no statute in this State covering the subject.
It is urged by appellant that the basis for the privilege
granted in the cases where it is conceded to be properly
granted exists in the case of a reporter.   Attention is
called to the fact that in addition to the statutory privi-
leges existing between attorney and client, husband and
wife, physician and patient, and certain others, there also
exist certain common law cases where the privilege is
granted, like communications made to a judge, to a
district attorney and to police officers in the performance
of their duties, and it is urged that the principle underlying
the granting of those privileges exists in the case of a

reporter. Appellant admits that no court has ever so decided, but urges that the development of the law and changes in social relations require that courts now extend the privilege to a reporter.

The opinion in the case of *People ex rel. Phelps* v. *Fancher* (4 Thomp. & C. 467) stated that the editor of a newspaper while a witness before a grand jury was not privileged from disclosing the name of the author of a libelous article published in his paper. A decision of the question here involved was not, however, necessary to the decision of that case. The conclusion there reached has been reached by the courts of every State which has passed upon the subject. There are no decisions to the contrary at the present time which have not been overruled although there were early decisions in England which decided in accordance with appellant's contention. Such decisions have been overruled in England and the rule there is now the same as in this country.

5 Wigmore on Evidence (p. 1) contains a discussion on the subject of privileged communications. Section 2286 reads: " In general, then, the mere fact that a communication was made in express confidence, or in the implied confidence of a confidential relation, does not create a privilege. This rule is not questioned today. No pledge of privacy, nor oath of secrecy, can avail against demand for the truth in a court of justice: Accordingly, a confidential communication to a clerk, to a trustee, to a commercial agency, to a banker, to a journalist, or to any other person, not holding one of the specific relations hereafter considered, is not privileged from disclosure."

In addition to the English case cited by the learned author the following cases in this country have decided that the privilege does not exist in favor of a newspaper editor or reporter: *Matter of Lawrence* (116 Cal. 298); *People* v. *Durrant* (116 Cal. 179); *Joslyn* v. *People* (67 Col. 297); *Plunkett* v. *Hamilton* (136 Ga. 72); *Matter of Grunow* (84 N. J. L. 235).

The States of Maryland, New Jersey and Alabama have by statute extended the privilege to newspaper reporters. Such enactments are severely criticized by Professor Wigmore (§ 2286, note 7).

Various attempts have been made in this State to enact a statute extending the privilege to reporters but such attempts have uniformly been defeated. Similar bills were introduced at the last session of the Legislature but failed to pass.

The policy of the law is to require the disclosure of all information by witnesses in order that justice may prevail. The granting of a privilege from such disclosure constitutes an exception to that general rule. In the administration of justice, the existence of the privilege from disclosure as it now exists often, in particular cases, works a hardship. The tendency is not to extend the classes to whom the privilege from disclosure is granted, but to restrict that privilege.

On reason and authority, it seems clear that this court should not now depart from the general rule in force in many of the States and in England and create a privilege in favor of an additional class. If that is to be done, it should be done by the Legislature which has thus far refused to enact such legislation.

The order should be affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order affirmed.