## ROSENBERG v. CARROLL et al.
## In re LYONS.

United States District Court,
S. D. New York.

May 31, 1951.

See also 99 F.Supp. 630.

Emanuel H. Bloch, New York City, for relator-petitioner.

Irving H. Saypol, U. S. Atty., New York City, for respondents, Roy M. Cohn, James B. Kilsheimer, III, Asst. U. S. Attys., New York City.

Fulton, Walter & Halley, New York City, for Leonard Lyons, Rudolph Halley, Daniel J. O'Connell, New York City, of counsel.

GODDARD, District Judge.

Communications between a physician and his patient, communications between a lawyer and his client, and communications between some others where a confidential relationship exists are privileged, but the prevailing rule is that a newspaper correspondent must answer pertinent questions and disclose the sources of his information that he has published or caused to be published if the questions be relevant to the proceeding in which the

97. O. T., IMA Vol. I, pp. 39–40; Haw Pia v. China Bank, supra.

630

questions are asked. See People ex rel. Mooney v. Sheriff of New York County, 269 N.Y. 291, 199 N.E. 415, 102 A.L.R. 769.

Therefore, if the questions put to Mr. Lyons are material and relevant to this proceeding, he must answer them or be held in contempt of court.

However, I do not think that the questions are material and relevant to this inquiry.

The issues now before the court are, *One*—was Mrs. Rosenberg lawfully transferred to the death house at Sing Sing Prison? *Two*—is her incarceration there cruel and inhuman treatment?

Mr. Lyons was asked the source of certain information he caused to be published in his syndicated news column. In general, the information he caused to be published was that the court has a right to alter the death sentence imposed upon Mrs. Rosenberg within 60 days after the appellate court ruled on the case, and that her fate is therefore in her own hands. That is if she talks she still can save herself. This information is in no way relevant to the main issues of this proceeding. Indeed, it is merely a restatement of Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. The information itself and the source of that information are not relevant here.

I therefore rule that Mr. Lyons need not answer the questions he has been asked.