**Ex parte SPARROW.**

No. 7291.

United States District Court
N. D. Alabama, S. D.
May 19, 1953.

352

Beddow & Jones, Birmingham, Ala., and John C. Walters, Troy, Ala., for plaintiff.

Lord, Day & Lord, Thomas F. Daly, New York City, for defendant.

Harvey Deramus, Birmingham, Ala., for witness.

LYNNE, District Judge.

Pending in the United States District Court for the Southern District of New York is a civil action for libel wherein James E. Folsom is plaintiff and Dell Publishing Company, Inc., a New York corporation, is defendant. In preparation for trial the testimony of Hugh Sparrow was being taken upon oral examination in Birmingham, Alabama, at plaintiff's instance, as authorized by rule 30, Federal Rules of Civil Procedure, 28 U.S.C.A.

During the course of plaintiff's examination of the witness, he refused to answer certain questions propounded to him by plaintiff's counsel, raising the claim of

privilege against disclosure of his sources of information under an Alabama statute.[1]

Thereupon plaintiff moved the adjournment of such examination and applied to this court for an order compelling an answer to the questions against which the claim of privilege had been interposed, as contemplated by the provisions of rule 37(a).

The gravamen of plaintiff's action pending in the Southern District of New York was publication by defendant, under the trade name of "Front Page Detective," in New York of an article entitled "Devil's Island, U. S. A." It appears from the transcript of Sparrow's testimony that he furnished to W. W. Ward, author of the alleged libelous article, information upon which such article was based. The general theme of such article related to conditions existing in state prisons during plaintiff's tenure of office as Governor of the State of Alabama.

For the past twenty-four years the witness Sparrow has been an employee of the publishers of the Birmingham News, a newspaper published in Birmingham, Alabama. Since 1944 the witness has written a number of articles, published in the Birmingham News, relating to the administration of the Alabama prison system and the Pardon and Parole Board. In the process of collecting data which formed the factual basis for his articles, the witness received numerous reports given to him in confidence by employees of the State departments involved in his investigation.

Sparrow, during the course of his examination, refused to answer only those questions which would have required disclosure of the source of information procured or obtained by him and published in the newspaper on which he was employed.

1. Section 370, Title 7, Code of Alabama 1940. "Newspaper employees.—No person engaged in, connected with or employed on any newspaper while engaged in a news gathering capacity shall be compelled to disclose, in any legal proceeding or trial, before any court or before a grand jury of any court, or before the presiding officer of any tribunal or his agent or agents, or before any committee of the legislature, or elsewhere, the source of any information procured or obtained by him and published in the newspaper on which he is engaged, connected with or employed."

It is conceded that the sources of information given to a journalist are not privileged under the law of New York and that if Sparrow were to appear as a witness there, he could and would be compelled to disclose his sources of information.[2]

But rule 26, under which his examination was being conducted, provides that "* * * the deponent may be examined regarding any matter, *not privileged,* which is relevant to the subject matter involved, in the ending action * * *." For the purpose of determining the witness' claim of privilege, this court, by rule 37, is constituted the forum or the place where plaintiff, the proponent, is required to pursue his remedy to compel the witness to answer.[3]

While this court does not consider the question of privilege to be a matter of substance and therefore controlled by Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, it would appear that this court should refer to the statutory law of Alabama in the absence of any Federal rule on privilege.[4]

No Federal case has been called to my attention; I have found none, dealing with the claim of privilege by a journalist with respect to the sources of his information.

The Alabama statute clearly privileges such sources of information. At least eleven other states have passed similar statutes.[5]

This court is not bound to apply the Alabama law in interpreting the words "not privileged" as they appear in rule 26(b). But it would not be justified in ignoring such a clear and unequivocal pronouncement of the public policy of the state in which it sits, merely to reach out and apply a rule against the asserted privilege established in a non-federal jurisdiction.

It is not a matter of judicial concern that the Legislature of Alabama was either prudent or unwise in clothing the sources of a journalist's information with secrecy. So far as this court is concerned, the public policy of the State of Alabama, in this regard was crystallized by enactment of the statute involved. There is no merit in plaintiff's contention that such statute is unconstitutional when measured by the test of the Fourteenth Amendment to the Constitution of the United States.

It follows that Sparrow's claim of privilege is upheld and that the motion of proponent, the plaintiff, James E. Folsom, to compel such witness to answer the questions referred to is denied.[6]

2. Rosenberg v. Carroll, D.C., 99 F.Supp. 630; People ex rel. Mooney v. Sheriff of New York County, 269 N.Y. 291, 199 N.E. 415, 102 A.L.R. 769.

3. 17 Words and Phrases, Forum, p. 440.

4. Aetna Life Ins. Co. v. McAdoo, 8 Cir., 1939, 106 F.2d 618; Munzer v. Swedish American Line, D.C.S.D.N.Y., 1949, 35 F. Supp. 493.

5. Arizona, 1937, Arizona Code Annotated, § 23–103(7), Code of 1939; Arkansas (passed 1936) Arkansas Statutes Annotated, Title 43, § 917 (1947); California (passed 1935) California Code of Civil Procedure Annotated, § 1881(6); Indiana (passed 1941) Indiana Annotated Statutes, § 2–1733, Burns Code of 1946; Kentucky (passed 1936) Kentucky Revised Statutes, § 421.100, Code of 1946; Maryland (passed 1896) Maryland Annotated Code General Laws, Article 35, § 2, Code of 1939; Michigan (passed 1949) Michigan Statutes Annotated, § 28.945(1), Cummulative Supplement August, 1949, Pub.Acts 1949, No. 311, § 767.5a; Montana (passed 1943) Montana Laws of 1943, C. 195; New Jersey (passed 1933) New Jersey Statutes Annotated, 2:97–11, Code of 1939 (now N. J.S. 2A:81–10, N.J.S.A.); Ohio (passed 1941) Ohio General Code Annotated, § 6319–2a, Code of 1945; Pennsylvania (passed 1937) Purdon's Pennsylvania Statutes Annotated, Title 28, § 330, Supplement 1948.

6. Cf. In re Whitlock, 51 Hun 351, 3 N. Y.S. 855.