**INSPIRATION CONSOLIDATED COPPER COMPANY, Plaintiff,**

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY, Defendant.**

**LUMBERMENS MUTUAL CASUALTY COMPANY, Third-Party Plaintiff,**

v.

**FMC CORPORATION, et al., Third-Party Defendants.**

**FMC CORPORATION, Plaintiff,**

v.

**INSURANCE COMPANY OF the STATE OF PENNSYLVANIA, Defendant.**

**No. 68 Civ. 692.**

United States District Court,
S. D. New York.
July 31, 1973.

Chadbourne, Parke, Whiteside & Wolff, New York City, for plaintiff Inspiration by Donald I. Strauber, Steven L. Cohen, Yvette Harmon, New York City, of counsel.

Sullivan & Cromwell, New York City, for third-party defendant FMC by William Piel, Jr., Carroll E. Neesemann, Michael Winger, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for Price Waterhouse & Co. by V. Thomas Fryman, Jr., New York City, of counsel.

Townley, Updike, Carter & Rodgers, New York City, for defendant Lumbermens by William P. Hindman, Jr., New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for third-party defendant Pittsburgh.

Montfort, Healy, McGuire & Salley, Garden City, N. Y., Attorneys for third-party defendant American Hoist.

Delson & Gordon, New York City, for defendant Insurance Co.

GURFEIN, District Judge.

This motion raises some interesting questions concerning the extent of the discovery allowed of independent certified public accountants under Fed.R. Civ.P. 26.

The motion pursuant to Rule 45(d)(1) by the third-party defendant FMC Corporation ("FMC") is to compel production of certain documents by Price Waterhouse and Company ("Price Waterhouse"), the auditors for plaintiff Inspiration Consolidated Copper Company, Inc. ("Inspiration"), pursuant to a subpoena duces tecum served during the voluntary deposition of Bruce Smith of Price Waterhouse. The documents relate to the work done by Mr. Smith and Price Waterhouse for Inspiration in the preparation of Inspiration's claims for damages in this litigation. Inspiration also moves for a protective order under Rule 26(c) with respect to certain material.

This is a diversity action arising out of the collapse on March 4, 1966 of a giant ore excavating machine which Inspiration had purchased from Link-Belt Corporation, now a division of FMC. The complaint alleges that the collapse of the excavator and its absence over the 17-month period before a new one was installed had a severe adverse impact on the operations and profit of Inspiration. In 1968 Inspiration submitted a claim dated October 4, 1968 (the "1968 claim") to its insurer, Lumbermens Mutual Casualty Company ("Lumbermens"), for loss of profits and other losses allegedly insured by Lumbermens. Lumbermens refused to pay the claim and Inspiration sued Lumbermens which, in turn, sued those who had manufactured and installed the excavator.

After the litigation began, and after Lumbermens had challenged certain assumptions in the 1968 claim, Inspiration directed its auditor, Price Waterhouse, to prepare a settlement proposal in the form of a claim which took into account Lumbermens disagreement with many of the underlying bases of the 1968 claim. This resulted in a settlement proposal ("PW report") purporting to show that even if Lumbermens' contentions were accepted, it would still owe the plaintiff $3,492,049.99, with interest, under its insurance policy. The settlement proposal was rejected.

Thereafter, pre-trial conferences were held with the Court, and the plaintiff advanced the PW reports as its alternative claim for damages. That has now been formalized in the preliminary pre-trial order on the issue of damages.

As indicated, Mr. Smith is being deposed by FMC and he has refused to answer only a limited number of questions put. FMC has served a subpoena duces tecum upon Price Waterhouse asking for the production of the following:

"1. The preparation of documents entitled:

a. 'STATEMENT OF LOSS OF PROFITS INCURRED AS A RESULT OF THE EXCAVATOR COLLAPSE OF MARCH 4, 1966' and containing as its second page a letter dated June 11, 1970, and signed by Price Waterhouse & Co.; and

b. 'STATEMENT OF EXTRA EXPENSE INCURRED AS A RESULT OF THE EXCAVATOR COLLAPSE OF MARCH 4, 1966' and containing as its second page a letter dated July 14, 1970, signed by Price Waterhouse & Co.

2. The preparation, consideration, or evaluation of any assumptions utilized in preparing the documents described under 1.a. and 1.b. above, and of any alternatives to such assumptions, whether or not such assumptions or alternative assumptions are explicitly or implicitly referred to within said documents.

3. Any claims by the Inspiration Consolidated Copper Company for damages arising out of the excavator collapse of March 4, 1966.

4. The treatment in annual financial statements of the Inspiration Consolidated Copper Company of damages arising out of the excavator collapse on March 4, 1966 or claims for any such damages."

Price Waterhouse has refused to produce only two classes of documents: (1) those relating to Mr. Smith's role as a consultant to Inspiration and its counsel in preparing the case for trial, i. e. certain of the documents in paragraph 3 insofar as they relate to the 1968 claim; and (2) those relating to possible alternatives to assumptions utilized by Mr. Smith in preparation of the 1970 PW report as a basis for settlement (i. e. the second half of paragraph 2).

I should note further that Inspiration concedes that it may call Price Waterhouse as an expert witness at trial with respect to the alternative claim (the PW report) should it elect to use that claim at trial. Inspiration also states that it does not expect to call Price Waterhouse as an expert witness at trial with respect to the 1968 claim.

Mr. Smith deposes that Price Waterhouse was specially employed by Inspiration to "assist it in preparing a claim for damages arising out of the excavator collapse on March 4, 1966 in anticipation of litigation against Lumbermens." While he did not prepare the 1968 claim, Mr. Smith deposes that he checked, analyzed and commented on various drafts of claims prepared by Inspiration employees, and that he has since worked with them and Inspiration's counsel in preparing for trial. The Price Waterhouse files relating to the 1968 claim are said to contain materials such as letters from and to Inspiration's counsel discussing the 1968 claim and trial preparation.[1]

Price Waterhouse in opposing the motion contends that it occupies a trifurcated position: (1) as regular auditor for many years; (2) as an expert specially employed for this litigation who

---

1. Mr. Smith also states that the basis for the 1968 claim prepared by the company were records of Inspiration made in the ordinary course of business. The PW report of 1970, on the other hand, written without reference to Price Waterhouse's 1968 file was based on metallurgical data supplied by Lumbermens' accountants. The point made is that the 1970 PW report was not derived from the 1968 claim.

will *not* testify at trial; and (3) as an expert who prepared the PW report as to which it *may* testify at trial.

The moving party contends that the documents requested are relevant, are not privileged and are not specially protected under Rule 26(b)(4)(B).[2]

# I

## THE OBJECTION TO PW FILES RELATING TO THE PREPARATION OF THE 1968 CLAIM

Rule 26(b)(1) provides in part, for the discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."

The Price Waterhouse worksheets or comments are not the subject of any special privilege, for accountants have no special privilege whether federal or New York law is applied in this diversity case. Fed.R.Civ.P. 43(a); *cf.* Baylor v. Mading-Dugan Drug Co., 57 F.R.D. 509, 511 (N.D.Ill.1972); see United States v. Wainwright, 413 F.2d 796, 803 (10 Cir. 1969).[3] And the underlying documentation relating to the claimed loss of profits is surely relevant for purposes of discovery since it "appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1).

Price Waterhouse does not specifically raise the question whether, having been employed to assist the attorneys for the plaintiff in the litigation, its work product comes within the scope of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); 4 Moore, Federal Practice ¶ 26.64(4) at 26–447.[4] It relies instead on the proposition that Price Waterhouse as auditors are experts and that they come within the exception in Rule 26(b)(4)(B), which provides that "[a] party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is *not* expected to be called as a witness at trial, *only* . . . upon a showing of exceptional circumstances under which it is impractical for the party seeking discovery to obtain facts or opinions on the same subject by other means." (Emphasis supplied.)

Price Waterhouse says that while it may be an expert witness at trial on the

---

2. Fed.R.Civ.P. 26(b)(4)(B) reads:
 "(b) *Scope of Discovery.* Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows: * * *
 (4) *Trial Preparation: Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows: * * *
 (B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opin-

ions on the same subject by other means."

3. The New York statutes provide for no privilege to accountants, and in New York, a statutory omission will not be filled by the courts. People ex rel. Mooney v. Sheriff, 269 N.Y. 291, 295, 199 N.E. 415 (1936); see In re Fisher, 51 F.2d 424, 425 (S.D.N.Y.1931); United States v. Onassis, 133 F.Supp. 327, 331 n. 3 (S.D.N.Y.1955). This Circuit has stated, apparently as a general rule, "If what is sought is not legal advice but only accounting service, as in Olender v. United States, 210 F.2d 795, 805–806 (9 Cir. 1954), see Reisman v. Caplin, 61–2 U.S.T.C. 9673 (1961), or if the advice sought is the accountant's rather than the lawyer's no privilege exists." United States v. Kovel, 296 F.2d 918 (2 Cir. 1961).

4. Inspiration does urge the *Hickman* doctrine in support of its own motion for a protective order.

PW report of 1970, it will not be a witness on the 1968 claim. While it *literally* cannot qualify as an expert "who is not expected to be called as a witness at trial" because it is, indeed, expected to be called as a witness, it maintains that this limited expert testimony is not what the Rule intended to cover.

The Advisory Committee's Notes on Rule 26(b)(4) are not helpful on the interpretation to be given to an expert who wears two hats. 48 F.R.D. 487, 504–505 (1970). The Notes do emphasize, however, that "[a] party can require one who intends to use the expert to state the substance of the testimony that the expert is expected to give," but that beyond that, the Court in its discretion "may order further discovery." *Id.* at 504.

The status of a regular auditor as an expert employed for specific litigation is not easily described. In one sense, the independent auditor is, of course, not an employee of the client, and the suggestion of the Advisory Committee that a "general employee . . . not specially employed in the case" is excluded from the status of "expert" under Rule 26(b)(4)(B), see 48 F.R.D. at 504, does not necessarily apply to independent accountants.

■■ In proper cases there are ample means of discovery available to the opposing party, including audit and inspection by his own accountants of his adversary's records, so that discovery of the opinion of the accountant for the opposing party is not necessary. "[I]t is [not] impracticable to obtain facts or opinions on the same subject by other means."

That seems to be true here. There is no exceptional showing to justify reaching out for communications with counsel or documents prepared for counsel's use in litigation. To hold otherwise would tend, at least in this case, to expose the theories and opinions that were sifted to arrive at the theory of the claim for relief with the aid of an expert. This sort of material is withheld from discovery not because it is work product, see United States v. McKay, 372 F.2d 174, 176–177 (5 Cir. 1967); 48 F.R.D. at 505, but because it is unfair to compel discovery of the consultative opinion of an expert who will not testify on that subject matter at trial. It is easy enough for the moving party to obtain his own expert opinion based on the facts and figures discovered from the plaintiff's books and records.

■ It is my conclusion that for purposes of Rule 26(b)(4)(B) an independent accountant may wear two hats, that of a general auditor subject to normal discovery, and that of an expert specially retained for litigation, in which case discovery respecting preparation of the claim is limited by Rule 26(b)(4)(B) if he is *not* to be a witness at the trial.

■ In the special circumstances of this case where the accountant is actually likely to be an expert witness on a particular report only and is not offered as an expert witness in support of the main claim of the plaintiff, I hold, as a matter of discretion, that the documents and opinions prepared in connection with the 1968 claim (¶ 3 of the subpoena) need not be produced.[5] This is not to be construed, however, as an anticipatory ruling on the scope of the cross examination of Mr. Smith or of any other Price Waterhouse person who appears as a witness.

---

5. In Bailey v. Meister Brau, Inc., 57 F. R.D. 11 (N.D.Ill.1972) the Court permitted discovery of the expert only on the value of the Black Company stock which he was to testify about, but not on the value of the Meister Brau stock on the value of which he was not expected to testify. The case is, of course, distinguishable because here the subject matter in the ultimate is the *same* "loss of profits." I must, therefore, chart my own course, as a matter of discretion.

## II

### THE OBJECTION TO ALTERNATIVE ASSUMPTIONS IN THE PREPARATION OF THE PW REPORT OF 1970

Price Waterhouse made certain assumptions of fact in its 1970 report. FMC wants to know whether there were also alternative assumptions, and, if so, it asks for the production of documents underlying such alternative assumptions. Price Waterhouse refuses to supply this information in an effort to protect Inspiration on the ground that this material was prepared for settlement purposes. Inspiration's motion for a protective order has the same thrust.

 While settlement offers as such are not admissible, West v. Smith, 101 U.S. 263, 273, 25 L.Ed. 809 (1879); Megarry Brothers, Inc. v. United States, 404 F.2d 479, 485 (8 Cir. 1968), the material sought is not the settlement offer itself, nor would its non-admissibility necessarily determine its discoverability. Rule 26(b)(1). I need not decide here what limits, if any, should be put on the discoverability of papers which were used in preparation of a settlement offer as distinguished from the settlement offer itself. For here, the settlement proposal has become a formal alternative claim for damages. Price Waterhouse, we are told, will probably be called as a witness to support conclusions of this alternative claim for relief. I believe that FMC, in these special circumstances, should be allowed discovery relating to alternative assumptions, and, as a matter of discretion, I will allow the discovery sought in paragraph 2 of the subpoena and deny the motion by Inspiration for a protective order. Again, I need hardly say, this should not be construed as an anticipatory ruling on admissibility or the scope of cross examination at trial. The parties would do well to brief these matters separately before trial.

An order may be submitted on notice.