**In re GRAND JURY SUBPOENA.**

**Nos. 78 0792, 78 0793 CV W 4.**

United States District Court,
W. D. Missouri, W. D.

Nov. 14, 1978.

Edward Holmes, U. S. Dept. of Justice, Kansas City, Mo., for the U. S. Gov't.

Robert G. Duncan, Duncan & Russell, Kansas City, Mo., for witness Misasi.

William E. Shull, Gettig, Coulson & Shull, Kansas City, Mo., for witness Threlkeld.

### ORDER

ELMO B. HUNTER, District Judge.

On application of the United States of America, the grand jury has caused to be served a subpoena *duces tecum* upon Dr. Sam S. Misasi, as Custodian of Records of Sam S. Misasi, D. O. Incorporated. The subpoena requires production before the grand jury of the following documents with respect to 25 listed patients, including movant William D. Threlkeld:

> any and all records of services performed; charges billed; payments received or claims submitted; including but not limited to x-ray film and reports; x-ray books for 1975–1978; chemistry log books for 1975–1978; bacteriology lab books for 1975–1978; seriology lab books for 1975–1978; daily lab books for 1975–1978; any and all laboratory result reports and clinical records; billing statements; medical reports; case histories; notes; insurance claims; payment records; appointment books; sign-in sheets or similar documents reflecting dates of visitation by patients, . . . during the period January 1, 1975 to the present:

Movants have filed motions to quash the subpoena and have objected to the production of "clinical records," "medical reports," "case histories," and "notes."

Movant Misasi, both as an individual and in his corporate capacity, contends that

production of the documents sought would require him to divulge confidential communications and therefore violate the physician-patient privilege; that the subpoena seeks matters that are protected by the fifth amendment privilege against self-incrimination; and that the documents sought contain matters privileged by the right to privacy of both Misasi and his patients.[1] Movant Threlkeld contends that production of the documents would violate the physician-patient privilege and his constitutional right to privacy.

F.R.Evid. 501 provides that

the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.

Movant Threlkeld urges that the Missouri physician-patient privilege should control this case. However, it is clear that in a non-diversity jurisdiction case, the question of privilege is governed by federal common law.

A federal court sitting in a non-diversity case . . . does not sit as a local tribunal. In some cases it may see fit for special reasons to give the law of a particular state highly persuasive or even controlling effect, but in the last analysis its decision turns upon the law of the United States, not that of any state.

*D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp.*, 315 U.S. 447, 471, 62 S.Ct. 676, 686, 86 L.Ed.2d 956 (1942) (Jackson, J., concurring). "In nondiversity jurisdiction civil cases, federal privilege laws will generally apply." F.R.Evid. 501, Conference Committee Notes, House Report No. 93–1597.

■ This Court has been unable to locate a case which recognizes a federal common law physician-patient privilege.[2] *See United States v. Mancuso*, 444 F.2d 691 (5th Cir. 1971); *In re Verplank*, 329 F.Supp. 433 (C.D.Cal.1971); *Hardy v. Riser*, 309 F.Supp.

1234 (N.D.Minn.1970); *United States v. Kansas City Lutheran Home and Hospital Assoc.*, 297 F.Supp. 239 (W.D.Mo.1969); *Leszynski v. Russ*, 29 F.R.D. 10 (D.Md.1961). In *In re Verplank, supra*, the court denied a motion to quash a grand jury subpoena of dental records on the ground of a physician-patient privilege. In *United States v. Lutheran Home and Hospital Assoc., supra*, now Chief Judge Oliver of this Court stated, regarding an Internal Revenue Service summons: "Congress has not seen fit to recognize a physician-patient privilege in any case. This Court will not create such a privilege as a matter of federal common law . . . ."

■ The privilege against self-incrimination under the fifth amendment of the United States Constitution is purely personal and cannot be utilized by a corporation. *United States v. White*, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944); *Campbell Painting Corp. v. Reid*, 392 U.S. 286, 88 S.Ct. 1978, 20 L.Ed.2d 1094 (1969). Therefore, the assertion of the privilege by Misasi in his corporate capacity is without merit. Further, a corporate officer cannot use the privilege against self-incrimination to withhold corporate records because their contents may tend to incriminate him personally, *Wilson v. United States*, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911); *United States v. Giordano*, 419 F.2d 564 (8th Cir.), *cert. denied*, 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 638 (1970), even though the corporate official may be the sole owner or *alter ego* of the corporation, *United States v. Rosenstein*, 474 F.2d 705 (2d Cir. 1973).

■ Movant Misasi's contention that production of the medical records would constitute a violation of his and his patients' constitutional right to privacy may be dismissed with reference to the language of *United States v. Calandra*, 414 U.S. 338, 353, 94 S.Ct. 613, 622, 38 L.Ed.2d 561 (1974):

---

1. The Court has carefully considered additional contentions of movant Misasi and found them to be without merit.

2. The reference to the privilege in *Rosenburg v. Carroll*, 99 F.Supp. 629 (S.D.N.Y.1951) is dicta.

Ordinarily, of course, a witness has no right of privacy before the grand jury. . . . [H]e may not decline to answer on the grounds that his responses might prove embarrassing or result in an unwelcome disclosure of his personal affairs.

*See also United States v. Weinberg,* 439 F.2d 743 (9th Cir. 1971). As movant Threlkeld could not raise the right to privacy were he called to testify before the grand jury, this Court can find no reason why he should now be heard to assert such right regarding a subpoena *duces tecum* of medical records that relate to him.

For the foregoing reasons, it is hereby

ORDERED that movants' motions to quash the grand jury subpoena be, and they are hereby, denied.