**UNITED STATES of America**

v.

**Franklin SUTHERLAND, Defendant.**

**Nos. 1:00CR00052, 1:00CR00093.**

United States District Court,
W.D. Virginia,
Abingdon Division.

May 1, 2001.

S. Randall Ramseyer, Assistant United States Attorney, Abingdon, VA, for United States.

Robert J. Breimann, Jr., Street, Street, Street, Scott & Bowman, Grundy, VA, for Buchanan General Hospital.

## OPINION AND ORDER

JONES, District Judge.

In this appeal by the government from a magistrate judge's order, I uphold the magistrate judge's denial of a hospital's motion to quash the government's subpoenas of certain medical records, although for reasons different from those relied upon by the magistrate judge. Accordingly, I will require that the government provide notice to the patients affected by the subpoenas or show cause why notice is not appropriate.

The defendant in these criminal cases consolidated for trial is a medical doctor accused of the unlawful distribution and dispensing of controlled substances without a legitimate medical purpose and beyond the bounds of medical practice. In its prosecution, the government issued subpoenas to compel the production at trial of certain pharmacy records from the Buchanan General Hospital ("Hospital"), relating to prescriptions filled for certain named patients. The Hospital moved to quash the subpoenas, arguing that compliance with the subpoenas would subject the Hospital to civil liability for the production of privileged or confidential patient information.

In an Order and Memorandum Opinion dated February 6, 2001, United States Magistrate Judge Pamela Meade Sargent[1]

---

1. All pretrial discovery or disclosure motions had been referred to the magistrate judge for

denied the Hospital's motions to quash, but ordered the government to provide notice to each affected patient in compliance with a Virginia statute relating to access to patients' medical records, Va. Code Ann. § 32.1–127.1:03(H)(1) (Michie Supp.2000).

The government appealed the magistrate's order. The government and the Hospital have presented oral argument, and the appeal is ripe for decision.

## I

I may reconsider a magistrate judge's order where it has been shown that the order is "clearly erroneous or contrary to law." 28 U.S.C.A. § 636(b)(1)(A). Although I uphold the magistrate judge's denial of the Hospital's motions to quash the subpoena, I depart from the magistrate judge's reliance on the patient notice provisions contained in the Virginia statute. In recognition of federal policy protecting the privacy of medical records, however, I will exercise my discretion under Federal Rule of Criminal Procedure 17(c),[2] and place certain conditions on my denial of the motions to quash.

The Virginia statute relied upon by the magistrate judge and the Hospital recognizes a patient's right of privacy in the content of a patient's medical record. Va. Code Ann. § 32.1–127.1:03(A) (Michie Supp.2000). The statute requires that a party seeking a subpoena duces tecum for medical records of a nonparty witness provide each individual whose records are sought notice of his or her rights and remedies under the statute. Va.Code Ann. § 32.1–127.1:03(H). The statute gives patients the right to move to quash the sub-

poena with the clerk of the court hearing the matter. *Id.* These statutory procedures do not, however, limit the subpoena power of this court.

 Because this is a federal criminal matter, state laws of procedure do not apply. *See In re Grand Jury Subpoena,* 460 F.Supp. 150, 151 (W.D.Mo.1978) (holding that state physician-patient privilege law is inapplicable in federal criminal case). Although the Virginia Code grants patients a substantive right to privacy in medical records, *see* Va.Code Ann. 32.1–127.1:03(A), it has been held that patients have no expectation of privacy in medical records with regard to federal criminal proceedings because there is no federal physician-patient privilege. *See United States v. Burzynski Cancer Research Inst.,* 819 F.2d 1301, 1311 (5th Cir.1987); *see also* Fed.R.Evid. 501 ("[T]he privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."); *United States v. Lindstrom,* 698 F.2d 1154, 1167 n. 9 (11th Cir. 1983) (stating that federal courts do not recognize physician-patient privilege).

 Despite the inapplicability of state law, however, federal courts have acknowledged the importance of protecting patient privacy in medical records. In *Doe v. Southeastern Pennsylvania Transportation Authority,* 72 F.3d 1133, 1138 (3rd Cir.1995), the Third Circuit recognized a constitutional right to privacy in a patient's prescription records. This right, however, is not absolute, and must be balanced against the government's interests in ob-

hearing and determination pursuant to 28 U.S.C.A. § 636(b)(1)(A) (West 1993). (Order Jan. 16, 2001.)

2. "The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R.Crim.P. 17(c).

taining the information. *See id.; see also Whalen v. Roe,* 429 U.S. 589, 602, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977) (applying balancing test); *Patients of Dr. Barbara Solomon v. Bd. of Physician Quality Assurance,* 85 F.Supp.2d 545, 548 (D.Md.1999) (predicting Fourth Circuit would apply balancing test to medical record disclosure).

Not only have the courts recognized the importance of the privacy of medical records, but Congress has addressed the issue as well. As part of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104–191, §§ 261–264, 110 Stat.1936 (1996), Congress directed the Secretary of Health and Human Services to promulgate final regulations setting privacy standards for medical records. Pursuant to this directive, the Secretary has recently issued Standards for Privacy of Individually Identifiable Health Information ("Standards"), 65 Fed. Reg. 82,462 (Dec. 28, 2000) (to be codified at 45 C.F.R. pts. 160 & 164). The rules restrict and define the ability of health plans, health care clearinghouses, and most health care providers to divulge patient medical records. Although the Standards were effective April 14, 2001, compliance is not required until April 14, 2003. *See* 66 Fed.Reg. 12,434 (Feb. 26, 2001) (to be codified at 45 C.F.R. pts. 160 & 164). Nevertheless, the Standards indicate a strong federal policy to protect the privacy of patient medical records, and they pro-

vide guidance to the present case. In § 164.512(e), the regulations define when and how disclosures are permitted for judicial and administrative proceedings. *See* 65 Fed.Reg. at 82,814–15. In response to a subpoena not accompanied by an order of a court, as in this case,[3] a covered entity may disclose protected health information only after receiving satisfactory assurance "from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request." *Id.* The other option in such a case is for the party seeking the information to secure a qualified protective order from the court to limit the use of the medical records. *See id.* The notice requirement is satisfied by written notification mailed to the individual's last known address with "information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court." *Id.* The court must resolve any timely objections by individuals before disclosure of the objectionable information. *See id.*[4] Although not presently binding on the Hospital or this court, I find these regulations to be persuasive in that they demonstrate a strong federal policy of protection for patient medical records. Likewise, courts have recognized that disclosure of medical records touches on constitutional concerns.

---

**3.** The subpoena in this case was obtained by the United States Attorney pursuant to Federal Rule of Criminal Procedure 17. Although issued by the clerk of court, the subpoena did not constitute an order of the court because the rules provide that the clerk may issue a blank subpoena to be completed later by the party seeking documentary evidence. Fed. R.Crim.P. 17(a).

**4.** At oral argument, the government expressed particular concern about how notice require-

ments in its efforts to seek medical records would adversely affect grand jury investigations. Pursuant to § 164.512(f)(1)(ii)(B), disclosure is permitted without notice in response to a grand jury subpoena. 65 Fed. Reg. at 82,815. Because of the secrecy of grand jury proceedings, it is not surprising that the regulations differentiate between a subpoena in that situation and one issued for trial or other proceedings.

Applying a balancing test, I find the government's interests in obtaining the prescription records in this case to be compelling. In its prosecution of a medical doctor accused of criminally acting without a legitimate medical purpose and beyond the bounds of medical practice, evidence concerning the prescription drugs received by the doctor's patients is highly relevant. However, in light of the strong federal policy in favor of protecting the privacy of medical records, I find that it would be "unreasonable or oppressive" to permit disclosure of these records at trial without opportunity for the affected patient to object. Fed.R.Crim.P. 17(c).

In accord with the Standards issued by the Secretary of Health and Human Services, I condition my denial of the Hospital's motions to quash on the requirement that the government provide written notice prior to production of the subpoenaed records to the last known address of each individual whose records are sought under the subpoena. The notice must inform the individual that he or she may object to disclosure within five business days of the date the notice was mailed. If the government objects to giving notice, it must show cause before this court as to why notice would be unduly burdensome or prejudicial in a particular instance. I will resolve all objections by the government or by affected individuals before the start of trial.

## II

For the foregoing reasons, it is **OR-DERED** that the Hospital's motions to quash are denied upon the conditions set forth above.